WILLIAM HOWELL v. LARKIN RAY.

*Transcript—What it should Contain.*

Every transcript or record, to be authoritative, must set forth before what person or persons the proceedings were had, or by whose authority the record was made, so that it may appear that such proceedings were not *coram non judice.*

(*State* v. *King*, 5 Ired., 203; *State* v. *Ward*, 8 Ired., 530; *Green* v. *Collins*, 6 Ired., 139, cited and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1880, of WATAUGA Superior Court before *Gilmer J.*

The issues were found by the jury in favor of the plaintiff, judgment, appeal by the defendant.

*Mr. G. N. Folk,* for plaintiff.

No counsel for defendant.

ASHE, J. The statement of the case contains a voluminous mass of matter, in eighteen pages of legal cap embracing a great deal of evidence taken on the trial, both oral and written, which has no pertinence to the points raised by the record.

There was no exception to the charge of His Honor, and the only exceptions taken on the trial were, first, to the introduction of the transcript from the court of equity for the county of Ashe, of a petition to sell the land of Amos Howell including that in controversy, for the purpose of partition among his heirs, upon the ground that it did not show that the court was opened and held at Ashe, or that any judge presided therein at the time when the *ex parte* petition was alleged to have been filed; and secondly, because the sale did not describe the land; that it was only described as being on Elk river, as set forth in the report of the master and the other proceedings of the court of equity.

It is only necessary for us to consider the first exception, as the ruling of His Honor on that was erroneous and entitles the defendant to a *venire de novo.* The transcript from Ashe was an important link in the chain of the plaintiff's title, and it has been expressly decided in this state that every record must set forth before what person or persons the proceedings were had, or by whose authority the record was made. The doctrine was so declared by RUFFIN, C. J., in the case of the *State upon the relation of Hughes* v. *King,* 5 Ired., 203, and approved in *State* v. *Ward,* 8 Ired., 530.

In his opinion in *King's* case the Chief Justice said, " the objection when taken in the case of the *State* v. *Lewis*, 3 Hawks, 410, and *State* v. *Kimborough*, 2 Dev., 431, was overruled, not because it was deemed untenable in law, but because it was untrue in point of fact. There, the record showed that the court was held by a gentleman whom this court knew, *ex officio*, to be a judge of the superior courts of law, being the courts of the highest criminal jurisdiction in the state; therefore the court held that the record was sufficient in stating his presence, without setting forth his office. But it is plain it was thought necessary that it should be at least stated that the court was held by one who was a judge of the court, although it need not set out that he was such judge, as that was otherwise sufficiently known."

The question in the case of the *State on the relation of Hughes* v. *King*, was as to the validity of the appointment of a constable; and the certificate of the clerk of the county court merely stating that A. B. came into court and qualified, &c., without setting forth whether there were three or more justices on the bench on that day or any preceding day, it was held that it could not be received as a transcript of the record of the court, because it did not appear that there were justices enough to constitute a court, and therefore have authority to make or cause to be made a record of the court.

Before concluding this opinion we must again earnestly and urgently call the attention of our brethren on the superior court bench to the case of *Green* v. *Collins*, 6 Ired., 139, where the proper mode of making out the statement of cases on appeal is given.

A *venire de novo* is awarded. Let this be certified to the superior court of Watauga county that further proceedings may be had agreeably to this opinion and the law.

Error. *Venire de novo.*