## STATE v. JOHN MITCHELL.

### *Territorial Jurisdiction—Criminal Pleading.*

1. The courts of this state have jurisdiction only of offences committed
   within its territorial boundaries, and if they are committed in another
   state, that is a matter of defence under the plea of " not guilty."

2. Such a defence does not call for a plea in abatement under Bat. Rev.,
   ch. 33, § 70, which was enacted to cover cases where the offence was
   committed in the state, but which was charged to have occurred in the
   wrong county.

INDICTMENT for an Assault and Battery tried at Spring
Term, 1880, of WATAUGA Superior Court, before *Gilmer, J.*

During the trial, the defendant offered to prove that the
offence, if any, was committed beyond the county line of
Watauga and in the state of Tennessee, but the court upon
objection by the state refused to admit the testimony, unless

the defendant would withdraw the plea of "not guilty" and plead in abatement, which he declined to do. And thereupon the court rejected the evidence and the defendant excepted. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. G. N. Folk,* for defendant.

ASHE, J. The ruling of His Honor seems to have been founded upon a misconception of the act of 1854–'55—Bat. Rev. ch. 33, § 70. This case does not come within the purview of that statute. The mischief intended to be remedied by it was the difficulty encountered by the courts in effecting the conviction of persons who had violated the criminal law of the state, where the offence was committed near the boundaries of counties, which were undetermined or unknown. And it often happened that where the boundaries were established and known, it was uncertain from the proof whether the offence was committed on the one or the other side of the line; and in consequence of the uncertainty and the *doubt* arising from it, offenders went "unwhipt of justice." This was the evil intended to be remedied. It had reference to the violation of the laws of this state committed near the boundaries of counties and not the borders of the state. The very terms and scope of the act support this construction, for it is enacted, "that in the prosecution of all offenders, it shall be deemed and taken as true, that the offence was committed in the county in which by the indictment it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement, the truth whereof shall be duly verified on oath or otherwise, both as to substance and fact, wherein shall be set forth the proper county in which the supposed offence, if any, was committed; whereupon the court may on motion of the state commit the defendant, who may enter into recognizance as

in other cases, to answer the offence in the county averred by his plea to be the proper county; and on his prosecution in that county, it shall be deemed conclusively to be the proper county."

It is a necessary quality of a plea in abatement, that it should give a better writ, as in this case it is required by the act to set forth the proper county in which the offence, if any, was committed, which will be taken conclusively as the proper county to which the defendant may be recognized to appear to answer the charge of the state, unless it shall see proper to take issue upon the plea. When the act requires that the plea should set forth the county where the offence was committed, and that should be taken as the proper county for the trial to which the defendant might be recognized, it follows most conclusively that the offence referred to in the act was one committed within the borders of the state, in violation of the laws of the state, for our courts cannot take cognizance of the violation of the criminal laws of other states, and would have no right to recognize offenders to appear before their judicial tribunals.

The courts of this state have jurisdiction only of offences committed within its territorial boundaries, and if they are committed in another state, that is matter of defence under the plea of "not guilty." It is not a plea in abatement, because the plea could not give a better writ, that is, set forth the proper county which has jurisdiction of the offence, in which it might be tried. But a plea in abatement in this case in which the facts would have to be stated and verified, instead of *giving a better writ*, would defeat the prosecution, and therefore would not be a good plea.

There is error. A *venire de novo* is awarded. Let this be certified to the superior court of Watauga county that further proceedings may be had agreeably to this opinion and the law.

Error.                                    *Venire de novo.*