STATE v. E. W. GAYLORD and another.

*Practice—Appeal.*

1. To have the effect of vacating or suspending a judgment in a criminal action, an appeal must be perfected during the term—whether by giving bond for the costs or procuring an order dispensing with such security.

2. An appeal will be dismissed on motion when, in the transcript sent up, there is no record of any trial, verdict or judgment, no errors assigned, or statement of the case for appeal, and no appeal bond or order dispensing with one.

(*State* v. *Dixon*, 71 N. C., 204, cited and approved.)

INDICTMENT for a misdemeanor, heard at Fall Term, 1881, of BEAUFORT Superior Court, before *Gilmer, J.*

*Attorney General,* for the State.
No counsel for defendant.

RUFFIN, J.  On the calling of this case, the Attorney General moves the court to dismiss the appeal; and his motion must be allowed.

In looking to the papers we find that the transcript sent up contains only a copy of the indictment against the defendants found at fall term, 1878, of Beaufort superior court, and of an order made at spring term, 1881, to the effect that whereas "no statement of the case of appeal is on

file in the case, and the solicitor moving to dismiss the appeal of the defendants, it is ordered that the clerk of the court transmit to the supreme court a full and complete transcript of the record in the case."

There is no record of any trial, verdict or judgment; no errors assigned or statement of the case for appeal; and no appeal bond, or order dispensing with one.

To have the effect of vacating or suspending the judgment of the court, an appeal must not only be prayed for, but perfected during the term—whether by giving bond for the costs or procuring an order dispensing with such security. *State* v. *Dixon,* 71 N. C., 204.

If there has been a trial and judgment in the case and appeal prayed, the court rendering the judgment should have seen that the appeal was perfected during the term or else its sentence executed; and if for any reason this was not done, it was the duty of the court at the succeeding term, or as soon as informed of the failure of its officers to execute its sentence, to peremptorily order the same to be done.

But as it is impossible for this court to know the true condition of the case, it is ordered that it be remanded to the superior court of Beaufort county, to the end that the same may be proceeded with according to law, and that the state recover of the defendants the costs of this court.

Error.                                        Remanded.