### STATE v. ELIAS BUTTS.

*Appeal Transcript of Record.*

The transcript of record on appeal should be drawn in accordance with Eaton's Forms. The transcript in this case is so imperfect that the court *ex mero motu* ordered a writ of *certiorari* to issue.

(*State* v. *King*, 5 Ired., 203; *Sudderth* v. *McCombs*, 67 N. C., 353; *State* v. *Jones*, 82 N. C., 691; *Howell* v. *Ray*, 83 N. C., 558; *State* v. *Gaylord*, 85 N. C., 551, cited and approved.)

INDICTMENT for cruelty to animals, tried at Fall Term, 1884, of GREENE Superior Court, before *Avery, J.*

Defendant appealed.

*Attorney-General* for the State.
No counsel for defendant.

MERRIMON, J. The transcript of the record in this case is so imperfect, that we are not at liberty to decide the questions of law intended to be presented by the exceptions specified in it.

It does not appear, that a court was held at all by a judge, nor does it appear when or where the proceedings set forth were had, nor that a grand jury was drawn, sworn and charged.

There appears a copy of what purports to be the indictment, to which it is stated the defendant pleaded not guilty; that a jury was sworn and empanneled, that a verdict of guilty was rendered, and there was judgment thereon, and likewise the case for this court upon appeal agreed to by counsel, and the undertaking upon appeal. This is plainly insufficient.

This court is placed in connection with the court from which an appeal comes by means of the appeal taken, or some proper substitute for it. And as to the action, or pro-

ceeding in which the appeal was taken, it can learn that a court was held by a judge at a time and place allowed by law, and of the parties to and the subject matter of the action, and the essential proceeding had in it, only from the record. And these things must appear to give this court complete jurisdiction.

Hence it must appear in the record, with reasonable certainty, that a court was held by a judge authorized by law to hold it, and at the place and time prescribed by law. In all cases, it must appear that the court had jurisdiction of the parties and of the subject matter; and so much not more, of the record in every case, ought to be sent up as will properly present the exceptions taken, that is, as will show that they were taken, the rulings of the court to which they apply, and how they bear upon the action. This court must be able to see that a court was held and that the action was properly constituted before it. This requirement is not mere matter of form that may be dispensed with. It is an essential part of procedure in every action. And however informal a record may be, these essential requisites must appear in it, else the court cannot proceed to examine the alleged errors, and decide the questions of law sought to be presented. *State* v. *King*, 5 Ired., 203; *Sudderth* v. *McCombs*, 67 N. C., 353; *State* v. *Jones*, 82 N. C., 691; *Howell* v. *Ray*, 83 N. C., 558; *State* v. *Gaylord*, 85 N. C., 551.

In this case it ought to appear in addition to what is set forth in the transcript, that at a term of the superior court held at the court house at a time prescribed by law, a judge, naming him, was present and presided, that a grand jury was drawn, sworn and charged, and that they, in open court, presented the indictment set forth in the transcript; and it would be better to set forth the entries made by the grand jury on the indictment. This fullness of the record is especially necessary in criminal actions, because the court in all such actions carefully examines and scrutinizes the whole record to see if there be any material error.

It is the duty of the clerks of the courts to inform them-selves as to the nature of their official duties and the methods of discharging the same; and they are not only remiss, but very censurable when they fail to do so. Great public evils spring from inefficient officers of court; they always retard and frequently defeat the due administration of justice. It is to be deplored that so many clerks of the courts are so inefficient, by reason of their lack of knowl-edge of their official duties. It would be well for counsel to see that transcripts are properly made up before they come to this court. We have heretofore recommended, and again recommend, to all clerks the excellent Book of Forms prepared by the late William Eaton. If they would prop-erly follow that, wherein it is pertinent to their office, they could hardly fail to do their work intelligently and effi-ciently.

It sufficiently appears in the transcript before us, that a perfect transcript of the record has not been sent up, and the court will therefore, *ex mero motu* order that the writ of *cer-tiorari* to issue, commanding the clerk of the superior court to certify to this court a full transcript of the record in this behalf. Let the writ issue. It is so ordered.

*Certiorari* ordered.