STATE v. T. M. FRIZELL.

*Bill of Indictment— Witnesses—Evidence—Practice—Solicitor—*
*Grand Jury—Charge—Exception.*

1. When there are two defendants, and the bill of indictment shows they were "sworn and examined," and the grand jury ignored the bill as to one and found a true bill as to the other, there is no presumption of law that the latter defendant was examined against himself, and a motion to quash and to arrest judgment on this account were both properly refused.

2. The practice of sending co-defendants to the grand jury to testify against each other, while allowable is not commended. They may be compelled to so testify unless their evidence tends to criminate themselves.

3. It is not necessary that it should appear that the State's witnesses were sent before the grand jury by the Solicitor.

4. A general exception or "broad-side challenge" to the charge of the Court is ineffectual.

5. As a matter of practice the Supreme Court will not hereafter send down a *certiorari* to supply defects in the record unless sufficient excuse therefor is made to appear, but will, on motion of the Attorney General or adverse party, dismiss the appeal.

This was an INDICTMENT for an affray tried before *Bynum,* J., at Fall Term, 1892, of JACKSON Superior Court.

The facts are stated in the opinion.

*The Attorney General,* for the State.

No counsel for defendant.

CLARK, J.: The indictment was drawn for an affray against the defendant and one Jones. On the back of the bill the names of four witnesses are marked as sworn and examined. Two of these were the defendant and said Jones. Presumably, they were sent to be examined as witnesses against each other, as is not unusual on a trial before the petit jury. The grand jury returned a true bill as to the defendant, but

ignored the bill as to Jones. The defendant thereupon moved to quash, because "the back of the bill showed that the defendant was a witness against himself before the grand jury." This motion being denied, a motion on the same ground was renewed in arrest of judgment.

There was no error in refusing these motions. There being two defendants in the bill, there was no presumption that the defendant was examined against himself. If there was ground for such allegation, it was competent to have summoned the foreman or any other member of the grand jury to show the fact, and the bill should of course have been quashed if this had been true. There is no presumption, either of law or fact, that the grand jury were so ignorant as to examine a defendant as a witness against himself, or that the defendant would answer such question. The grand jurors were doubtless men of fair intelligence, many of whom had often seen trials for affrays before the petit jury, and who were aware that one defendant could be examined against the other, though not against himself. The defendant could have proved it by his own testimony, as well as by that of a member of the grand jury, if he had in truth been examined against himself. He did not do this, and it certainly does not appear "by the back of the bill" that he was so examined.

The practice of sending defendants in indictments for affrays before the grand jury as witnesses against each other, is not to be commended, since the parties have not counsel present to prevent their testifying against themselves. Yet there is nothing which renders incompetent as evidence before that body any evidence which is permissible before the petit jury. We can do no more than recommend caution in its use. The defendant relies upon a dictum in *State* v. *Krider*, 78 N. C., 481, questioning this practice under the Act of 1866. But that act has since been changed and modified in many particulars. ASHE, J., in *State* v. *Smith*, 86

N. C., 705, has reviewed that act with the several amendments thereto, and holds that one defendant is competent and compellable to testify for or against a co-defendant, provided his testimony does not criminate himself. The burden was on the defendant here, in support of his motion, to show that he gave evidence to criminate himself. This, as we have said, he has not done.

There is also alleged, as ground for the motion, that it does not appear that the witness was sent before the grand jury by the-Solicitor. It is not necessary that it should so appear. Even the express requirement that the foreman shall mark on the indictment the names of the witnesses sworn and sent is held merely *directory*, and the omission to observe is not ground to quash the indictment. *State* v. *Hines*, 84 N. C., 810. The "broad-side" challenge to the charge has been held ineffective in *McKinnon* v. *Morrison*, 104 N. C., 354, and in the dozens of cases before and since. If an exception to the charge is worth taking at all, it is worth the while of counsel making it to take enough thought to point out the alleged error for the benefit of the opposite party and of the appellate Court. Especially, as ten days are allowed in which to consider the charge and assign errors therein. *Lowe* v. *Elliott*, 107 N. C., 718, and other cases cited in Clark's Code (2d Ed., 383). A review of the charge in this case shows, however, in fact that there is no error.

This is a proper case in which again to call the attention of appellants to the want of care which is often displayed in making up transcripts for this Court, especially in criminal cases. An appellant does not do his duty by simply taking an appeal and leaving it to the Clerk to send up what he may deem necessary. *Wilson* v. *Seagle*, 84 N. C, 110; *Broadfoot* v. *McKeithan*, 92 N. C., 561. It is the appellant's duty to see that the record is properly and sufficiently made up and transmitted. The requisites of the transcript on appeal are stated in *State* v. *Butts*, 91 N. C., 524, which is now again

called to the attention of Clerks and appellants. In the present case, this Court *ex mero motu* corrected the defect by a *certiorari.* Hereafter the Court will dismiss the appeal or affirm the judgment, as the case may be, when the record is defective in any material particular, in all cases in which the Attorney General, or the opposite party (in civil cases) sees proper to make such motion, unless sufficient excuse for the apparent laches is shown. A party is not entitled, by his own gross carelessness, to obtain a delay of six months.

No Error.