STATE v. STEPHEN MAY.

*Appeal—Defective Transcript of the Record—Dismissal— Practice.*

Where an insufficient record on appeal is sent to this Court, the appeal will be dismissed, unless it appears that the appellant is guilty of no *laches*, or unless a serious question is presented.

STATE *v.* MAY.

INDICTMENT for barn-burning, tried before *Graham, J.*, and a jury, at January, 1895, Special Term of LENOIR Superior Court. The defendant was convicted and appealed from a refusal of his motion in arrest of judgment for defects in bill of indictment.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J. : The transcript fails to show that the court was held by a judge at the time and place required by law ; that a grand jury was drawn, sworn and charged, and presented the indictment, and there are other defects. It is the duty of the appellant to have the record sent up, and when it is in such condition as above stated usually the Court will dismiss the appeal, unless it is shown that the appellant was guilty of no *laches*, otherwise the appellant could always procure six months' delay by simply failing to have a sufficient record sent up. *State* v. *McDowell*, 93 N. C., 541; *State* v. *Johnston, Ib.*, 559. The Court has sometimes not dismissed in such case, but never unless a serious question is presented, as in *State* v. *Farrar*, 103 N. C., 411, and cases cited. But in the present case the only exception is for refusal to arrest the judgment on the allegation of a defect in the indictment, and on inspection there is no defect. *The Code,* Sec. 985, (Sub Sec. 6,) has been amended by the Act of 1885, Ch. 66, repealing that part requiring an allegation of intent. *State* v. *Rogers*, 94 N. C., 860.

Appeal Dismissed.