## STATE v. BUCHANAN.

(Filed April 22, 1902.)

1. JURISDICTION—*Larceny*.

> The state courts have no jurisdiction where property is stolen in another state and brought into this state.

2. BURDEN OF PROOF—*Larceny*.

> The burden is on the defendant to show that the property was not stolen in the state in which it is alleged in the indictment to have been stolen.

3. PLEADING—*Not Guilty—Pleas*.

> Under the plea of not guilty the defendant may show that the crime was not committed in the state.

4. EVIDENCE—*Defense—Proof*.

> A defendant is entitled to the benefit of evidence introduced by the state tending to establish his defense.

INDICTMENT against Nelson Buchanan, heard by Judge *Walter H. Neal* and a jury, at November Term, 1901, of the

Superior Court of UNION County.   From a verdict of guilty and a judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
· *Armfield & Williams,* for the defendant.

FURCHES, C. J.   The defendant is indicted for the larceny of one pocket-book and eighty-five dollars in money.   There was no evidence as to the pocket-book, but there was evidence tending to connect him with the larceny of the money said to have been in the pocket-book.   The exceptions and assignments of error do not point so directly to the larceny as they do to the question of jurisdiction.   The prosecuting witness Morris testified that in August, 1901, he took the train at Atlanta, Ga., for Hamlet, N. C., which left Atlanta about 8 o'clock p. m.   He was tired and slept most of the way from Atlanta to Monroe, N. C., waking occasionally.   The money and pocket-book were in his pocket when he left Atlanta; he does not know whether it was taken in North Carolina, South Carolina or Georgia, and did not miss it until he reached Monroe, N. C.   The defendant was porter on the train that night, called out the stations, and stood near him when calling them out; that he identified two bills of money taken from the defendant next day as his money. The defendant, among other things, testified that the distance from Atlanta, Ga., to Monroe, N. C., was about 213 miles—about 100 miles in Georgia, about 100 miles in South Carolina, and about 13 in North Carolina, and it was about "sun up" when the train reached Monroe.   Upon the evidence, the defendant contended that if the jury be of the opinion that the defendant stole the pocket-book and money, the evidence showed that it was stolen in Georgia or South Carolina, and not in North Carolina, and if not stolen in North Carolina the defendant could not be found guilty, though he may have taken the

money.    This we understand to be the law of this State, and
it was so held as early as *State v. Brown,* 2 N. C., 100, 1. Am.
Dec., 548, which has been cited with approval in *State v.
Cutshall,* 110 N. C., 538, 16 L. R. A., 130; *State v. Hall,*
114 N. C., 909, 28 L. R. A., 59, 41 Am. St. Rep., 822; and
this is distinctly stated to be the law in Wharton's Crim-
inal Law, Sec. 930.    But it seems that his Honor so under-
stood the law and gave the defendant's fourth prayer for in-
structions, which is as follows: "If the jury should find from
the evidence that the property of the prosecutor was stolen in
Georgia or South Carolina, then the Courts of this State
would have no jurisdiction of the case, and the jury will ac-
quit the defendant."    So the defendant has no ground to com-
plain of the charge in this respect.

This is not the law where a larceny has been committed in
one county in this State and carried into another.    In that
case it is held that the Courts of either county have jurisdic-
tion, as the same law and the same mode of trial and punish-
ment prevail in one county as in the other; and the plea of
acquittal or conviction would be a good defense in a subse-
quent trial for the same offense.    *State v. Groves,* 44 N. C.,
191.    But the law of larceny does not obtain where the lar-
ceny is committed in another *State,* as is shown by the au-
thorities cited above.    If the crime was originally committed
in Georgia or South Carolina, it was not an offense against the
laws of this State, and the Courts here have no jurisdiction of
offenses against the laws of another State.    While the defend-
ant was entitled to have this defense under the plea of not
guilty, it was still a matter of defense, and the burden was
upon him (*State v. Mitchell,* 83 N. C., 674), and while this
is so, he was entitled to the benefit of any evidence introduced
by the State proving or tending to prove that the larceny, if
committed at all, was not committed in North Carolina.    The
defendant contends that his evidence tends to show this,

which he contends was corroborated and strengthened by the evidence of the prosecutor Morris, in which Morris says that he only knows that he had the money when he left Atlanta and did not miss it until he got to Monroe, and that he was asleep most of the way; and the fact that more than two hundred miles of this travel was beyond the limits of this State and only about thirteen miles in this State, was some evidence tending to corroborate him and to show that the money was not taken in North Carolina. While this evidence may not be very strong, still we think it was such as should have gone to the jury in connection with his own evidence. But under his Honor's charge the jury was not allowed to consider it. The jury was charged that "if he (defendant) desires to avail himself of the fact that the offense was committed in another State, *it must be done by proof offered by himself* that it was not committed in this State." *It must be done by proof offered by himself.* In this there was error. There are other exceptions, but they are not considered in this opinion.

New Trial.