STATE v. BARRINGTON.

(Filed April 10, 1906).

*Plea to Jurisdiction—Locality of Offense—Burden of Proof*
*—Question for Jury.*

1.  The fact that an offense charged was committed in another State
    is available under the plea of not guilty, and such fact being a
    matter of defense, the burden of proving it is on the defendant.

2.  Where the prosecutor testified that the offense charged was com-
    mitted in this State, the court was correct in refusing to give
    defendant's prayer that if the evidence was believed the jury
    should render a verdict of not guilty, as the witness' testimony
    on cross-examination in reference to an official survey of the
    State line did not justify the court in ignoring his positive
    statement.

INDICTMENT for assault with a deadly weapon against
L. Barrington, heard by *Judge Fred Moore* and a jury, at
the January Term, 1906, of the Superior Court of RICH-
MOND.

There was evidence of the State tending to show that on
or about September 23, 1905, defendant made an unlawful
assault with a deadly weapon on one Robert Leviner, and
that such offense was committed in North Carolina.

Prosecutor, as a witness for the State, testified to the
assault, and that same occurred in North Carolina. Witness
further stated that the fight was near the home of A. J.
Milliken, in Richmond County, N. C., and that said Milliken
had always been considered a citizen of North Carolina, and
voted and listed and paid taxes in North Carolina. On
cross-examination the witness testified as follows: Q. "Did
the fight occur in North Carolina?" A. "It has been called
North Carolina." Q. "Has not the line between the two
States been recently run and marked?" A. "A line. they
call the South Carolina line has been run lately, but I do not

know whether it is the line or not.   Before this, it was said that Mr. Milliken lived in North Carolina."   Q. "According to this line, and if it is correct, then the place where the fight took place is in South Carolina?"   A. "Yes, but I do not know whether the line is right or not."

There was evidence on the part of the defendant to the effect that under an act of the General Assembly of North Carolina, in 1905, the State line between the counties of Richmond, N. C., and Marlboro, S. C., had been run and marked, and that according to said line the home of A. J. Milliken and the place where the fight occurred was in South Carolina.

· A copy from the files of the chief executive office in North Carolina of what purported to be a report from two surveyors, one from North Carolina and one from South Carolina, was to the effect that under an act of the Legislature of each State, they had run and marked the State line in the locality, and that they were engaged in the work from October 2 to December 12, 1905.   No copy of this report was introduced on the trial below, but was filed in the record on motion of defendant's counsel and by consent of the Attorney-General.

The defendant requested the court to charge the jury that if they believed the testimony they would return a verdict of not guilty.   This was refused and defendant excepted. The court charged the jury among other things not excepted to that the courts of North Carolina had no jurisdiction of offenses committed in another State, and "if the jury should be satisfied that the offense was committed in South Carolina they would go no further, but return a verdict of not guilty."   To this charge the defendant excepted.   There was a verdict of guilty, and from judgment on the verdict, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*H. H. McLendon* for the defendant.

HOKE, J., after stating the case: The authorities of this State are to the effect that the fact that the offense charged was committed in another State is available under the plea of not guilty. They have also established that such fact is a matter of defense and the burden of proving it is on the defendant. *State v. Mitchell,* 83 N. C., 674; *State v. Buchanan,* 130 N. C., 660. There was no error, therefore, in the charge of the court below on this aspect of the case. The judge was correct also in refusing to give the defendant's prayer, that if the evidence was believed the jury should render a verdict of not guilty. The copy of the survey, annexed by consent as a part of the record, was not in evidence on the trial, and if it had been the greatest effect that could have been given it would be to hold that the line thereby established was in law the correct boundary line between the States. Where such line was placed by the survey is a question of fact which could only be determined by the jury.

The prosecutor testified on his examination in chief that the fight took place in North Carolina and the cross-examination did not disclose such a connection between the survey spoken of by the witness and the official survey, as to justify the court in ignoring the positive statement of the witness that the offense was committed in North Carolina.

The case was properly submitted to the jury under a correct charge, they have decided the matter against the defendant and the court holds there was

No Error.