STATE v. JOHN LONG.

(Filed May 14, 1907).

*Indictment — Bigamy — Statutes — Constitutional Law — Judge's Charge— Practice— Evidence— Presumption — Marriage in Another State—Bill of Indictment—Seven Years' Absence.*

1. Revisal, sec. 3361, is constitutional under the State and Federal constitutions. When a man having a lawful wife admits a second marriage in another State, the bigamous marriage is exploited by his living openly and avowedly in this State with his wife by the second marriage, and the offense may be dealt with, tried, determined and punished in the county where the offender may be apprehended or be in custody.

2. Revisal, sec. 3361, does not by its language make it necessary for the indictment to state the dates of the marriages in a charge of the felonious offense of bigamy, and section 3255 thereof provides that no judgment upon any indictment for a felony or misdemeanor shall be stayed or reversed for omitting to state the time at which the offense was committed, where time is not of the essence of the offense.

3. Under an indictment for bigamy, Revisal, 3361, it is unnecessary to state where the second marriage took place.

4. Under Revisal, sec 3361, it is not necessary that the offense of bigamy should be committed in the county where the bill is

found, to confer jurisdiction, and the proper remedy, where permissible, is by plea in abatement.

5. When it appears under an indictment for bigamy (Revisal, 3361) that the offense was committed outside of this State, jurisdiction of the courts of this State is ousted; but the presumption is in favor of jurisdiction,. and the burden of proof is on the defendant. He must prove that the offense had not in fact been committed in the county where the bill was found, and a motion to quash or in arrest will not be granted. Revisal, 3255.

6. If the defendant desires fuller information upon which to prepare his defense than is required to be charged in the indictment for bigamy, Revisal, sec. 3361, he should ask for a bill of particulars. Revisal, 3244.

7. A certificate on the back of the bill of indictment not appearing to have been signed by the foreman of the grand jury is not ground for a motion to quash or in arrest of judgment, under Revisal, sec. 3254, unless it is shown that, in fact, the "witnesses marked X" had not been "sworn and examined."

8. The proviso of Revisal, 3361, as to divorce and seven years' absence are matters of defense, which the defendant must prove to withdraw himself from the operation of the statute.

INDICTMENT for bigamy, tried before his Honor, *Guion, J.,* and a jury, at April Term, 1907, of the Superior Court of Rutherford County.

The defendant's counsel moved to quash the bill of indictment upon the grounds:

1. That the bill is defective in that it failed to charge the date of either of the alleged marriages.

2. That the bill is defective, because it fails to allege where and when the second marriage took place.

3. That the bill is defective, as it failed to allege that the former wife had not been divorced, or that she had not been out of the State and knowledge of the defendant for seven years.

4. That the bill is defective, because the foreman of the grand jury did not sign the instrument on the back of the bill, underneath the words "Those marked X sworn and sent."

5. That there was no evidence upon which to base a verdict of guilty.

The motion was disallowed, and defendant appealed.

*Hayden Clement,* Assistant Attorney-General, for State.
*D. F. Morrow* for defendant.

CLARK, C. J. Indictment for bigamy. The marriage to the lawful wife was proven by her. Rev., 1636. The defendant filed a written statement at the trial, as follows: "I admit the second marriage, and that it was solemnized in the State of South Carolina, under the laws of that State, to Dovie Owens." The evidence was uncontradicted that the defendant returned here and lived for four weeks with Dovie Owens in Rutherford County, as man and wife, stating that she was his wife, and openly claiming her as such. There was no evidence for the defendant.

The Court properly refused to instruct the jury, as prayed, that upon the whole evidence the defendant was not guilty. The prayer was doubtless based upon a misconception of *State v. Cutshall,* 110 N. C., 538. In that case it was held in a very able opinion by *Judge Avery,* with full citation of authorities, that under our statute (Rev., 3361), though the second marriage is solemnized in another State, the defendant will be adjudged guilty of bigamy here if he shall thereafter cohabit with such person within this State, citing *State v. Fitzgerald,* 75 Mo., 571, and other cases. While the second marriage elsewhere commences the bigamy, the subsequent living here in the bigamous relation gives force and validity to our statute, which confers jurisdiction, though the second marriage "has taken place" in another State. Bigamy, like marriage, is a status, and not merely the wedding ceremony. Our statute is a necessity. Without it the offense of bigamy could be perpetrated with impunity, to the scandal of all good citizens, by a man simply marrying

another woman, in one State during his wife's life, and living with her in another.

The statute (Rev., 3361) provides: "If any person, being married, shall marry any other person, during the life of the former husband or wife, whether the second marriage shall have taken place in the State of North Carolina or elsewhere, every such offender * * * shall be guilty of a felony, and any such offense may be dealt with, tried, determined and punished in the county where the offender shall be apprehended or be in custody." There is nothing in the State or Federal Constitution which disables the Legislature from enforcing this statute, when, though the second marriage took place elsewhere, the bigamous marriage is exploited by avowedly and openly living in ratification of it in this State.

The defendant moved to quash, and also in arrest of judgment, because (by reason of failure to fill up certain blanks in the indictment) the indictment—

(1) Did not charge the date of either marriage. It is sufficient to follow the words of the statute, and the date of marriages is not required to be charged. Rev., 3361. Besides, Rev., 3255, provides: "No judgment upon any indictment for felony or misdemeanor shall be stayed or reversed * * * for omitting to state the time at which the offense was committed, where time is not of the essence of the offense." *State v. Burton,* 138 N. C., 578; *State v. Arnold,* 107 N. C., 864; *State v. Peters, ib.,* 883.

(2) Because the indictment does not allege where the second marriage took place. The statute (Rev. 3361) provides that it is immaterial whether it took place in "North Carolina or elsewhere" and *State v. Cutshall,* 110 N. C., 548, upholds the validity of the statute, as above stated, if there is subsequent bigamous cohabitation here.

143—43

(3) Because it is not charged that the offense was committed in Rutherford County and in this State. The finding and return of the bill by the grand jury of any county is sufficient *prima facie* to confer jurisdiction. The bill must charge the constituent elements of the offense, but need not set out time and place when not an element thereof. It is not always necessary, either in England or in this State, that the offense should in fact have been committed in the county where the bill is found. If the defendant wishes to urge that the offense was committed in another county, his remedy is not by a motion to quash, or in arrest, but by a plea in abatement (equivalent to a motion to remove in a civil action). *Connor, J.,* in *State v. Burton,* 138 N. C., 578; *State v. Holder,* 133 N. C., 711; *State v. Carter, Furches, J.,* 126 N. C., 1012; *State v. Lytle,* 117 N. C., 801.

If the defendant wishes to rely upon the fact that the offense was committed outside the State, he cannot move to quash or in arrest, but must prove the fact in defense under his plea of not guilty. HOKE, J., *State v. Barrington,* 141 N. C., 820; *Connor, J., State v. Burton,* 138 N. C., 578 (in which neither time nor place were proven); *State v. Blackley,* 138 N. C., 622; *State v. Mitchell,* 83 N. C., 674. When it appears, whether in the evidence for the State or defendant, that the offense was committed out of the State, jurisdiction is ousted. *State v. Buchanan,* 130 N. C., 660. But the presumption is in favor of jurisdiction, and the burden is on the defendant. *State v. Barrington, supra.*

Furthermore, Rev., 3255, forbids quashing or arrest of judgment "for want of a proper and perfect venue" when the offense charged is one of which the Court had jurisdiction, as here, of bigamy. In *State v. Williamson,* 81 N. C., 540, the indictment did not charge that the offense was committed in the county, and *Smith, C. J.,* said that "the want of such averment of a proper and perfect venue is not fatal

to a bill of indictment," and sustained the refusal of a motion in arrest. Even in indictments for murder it is "not necessary to prove that it was committed in the county." *State v. Outerbridge,* 82 N. C., 617, and Rev., 3255, prohibits quashing, or arresting judgment, for failing to aver "any matter unnecessary to be proved."

Formerly failure to allege and prove the locality, appropriate to the forum, was fatal, because essential to the jurisdiction, both in civil and criminal actions. Now this has been wisely reversed by statute. Jurisdiction of the locality of the transaction is presumed if the Court has general jurisdiction of such subject-matter. A party in a civil action must move to remove (Rev., 425), else the trial will proceed where the action is brought; and likewise in a criminal action the defendant must plead in abatement (which is equivalent to a motion to remove, *State v. Lewis,* 142 N. C., 636), if he thinks the trial should be in another county; and in both civil and criminal actions, if he relies upon defect of jurisdiction because the transaction occurred in another State, he must prove it as a defense under the general issue.

Not only the above is true, but as to this particular offense the statute (Rev., 3361) expressly gives jurisdiction in any county "where the offender shall be apprehended, or be in custody." Hence, it is not necessary either to allege or prove that the offense was committed in that county. This provision obtains in England by statute as to many offenses, and we have recently held as to Rev., 3233, that our Legislature has the same plenary power. *State v. Lewis,* 142 N. C., 626. The same provision that a prosecution may be begun in any county of the State was enacted in the "Johnston" Act, Laws 1770, ch. 1, sec. 4 (25 State Records, 519b). If the offense occurred out of the State, that is a matter, as we have seen, to be proven in defense.

If the defendant had wished fuller information in regard to matters not named in the statute as ingredients of the offense, and therefore not required to be charged (*State v. Covington,* 125 N. C., 642), so as to prepare his defense, such as the times and places of the marriages, he should have asked for a bill of particulars, as is now provided by Rev., 3244. *State v. Brady,* 107 N. C., 826; *State v. Gates, ib.,* 832; *State v. Dunn,* 109 N. C., 840; *State v. Bryant,* 111 N. C., 693; *State v. Shade,* 115 N. C., 758; *Townsend v. Williams,* 117 N. C., 337; *State v. Pickett,* 118 N. C., 1231; *Gold Brick case,* 129 N. C., 657; *State v. Van Pelt,* 136 N. C., 639 and 669. A bill of particulars will not supply any matter required to be charged in the indictment, as an ingredient of the offense, but the statute (Rev., 3361) does not make the time or place of either marriage an element of the offense, but, on the contrary, expressly makes the place of the second marriage immaterial, and confers jurisdiction in the county where the offender is "apprehended or in custody." There was, however, in fact the fullest proof of bigamy, by cohabitation after the second marriage in Rutherford County.

(4) The defendant further contends that the bill was defective because it does not appear that the foreman signed the certificate on the back of the bill that the "witnesses marked X" had been "sworn and examined." It was recently held in *State v. Sultan,* 142 N. C., 572-3, that this informality was cured by Rev., 3254, citing the numerous authorities to that effect and overruling *State v. McBroom,* 127 N. C., 528, the only case to the contrary.

(5) The defendant further objected to the bill that it did not negative divorce and seven years' absence. But these were matters in the proviso to Rev., 3361, and need not be negatived in the indictment. They are matters of defense which the defendant must prove to withdraw him-

self from the operation of the statute. *State v. Goulden,* 134 N. C., 746, citing *State v. Norman,* 13 N. C., 222, and numerous other cases here and elsewhere, among the latter *Lord Denman, C. J.,* in *Murray v. Reg.,* 7 Q. B., 706.

There could not be less merit in any case. The defendant's written admission of the *"second* marriage" necessarily admits also the first, which was also proven by his deserted wife herself, and the evidence of the open and shameless cohabitation in Rutherford County, with the second wife, was plenary and without contradiction. The defendant cannot complain of any severity in his sentence.

No Error.

WALKER, J., concurs in result.