STATE v. RUBY GOLDEN AND EMMETT GOLDEN.

(Filed 2 November, 1932.)

1. **Criminal Law L d—Appeal in this case dismissed for failure to send up necessary parts of record proper.**

    It is the duty of the appellant to see that the record is properly made up and transmitted, and where the transcript on appeal in a criminal case fails to show the organization of the court or that the court was held by an authorized judge at the time and place prescribed by law, and fails to contain the indictment against one of the appellants and fails to contain the verdict of the jury, the appeal will be dismissed for failure to send up necessary parts of the record proper.

2. **Criminal Law D a—Defense that crime was committed in another state is available on plea of not guilty.**

    The defense that the crime charged, if committed at all, was committed in another state is available under a general plea of not guilty, with the burden of proof on the defendant.

APPEAL by defendants from *Harding, J.,* at February Term, 1932, of SURRY.

Criminal prosecution tried upon indictments charging the defendants with violations of the prohibition laws.

From an adverse verdict and judgment of six months on the roads, the defendants appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Folger & Folger for defendants.*

STACY, C. J. The appeal must be dismissed for the following reasons:

1. The transcript fails to show the organization of the court (*S. v. May,* 118 N. C., 1204, 24 S. E., 118), or that the "court was held by judge authorized to hold it, and at the time and place prescribed by law." *S. v. Butts,* 91 N. C., 524.

2. No indictment against Ruby Golden appears in the record. *S. v. McDraughon,* 168 N. C., 131, 83 S. E., 181. Only the one against Emmett Golden has been sent up.

It is the duty of appellant to see that the record is properly made up and transmitted. *S. v. Frizell,* 111 N. C., 722, 16 S. E., 409.

3. The verdict has been omitted from the transcript. *Riggan v. Harrison, ante,* 191.

It is the uniform practice to dismiss the appeal for failure to send up necessary parts of the record proper. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Waters v. Waters, ibid.,* 667, 155 S. E., 564.

The principal defense was, that the offense charged, if committed at all, was committed in Virginia. This was a matter of defense, available, it is true, under the general plea of not guilty, with the laboring oar cast upon the defendants. His Honor so charged, and, in this, there was no error. *S. v. Barrington,* 141 N. C., 820, 53 S. E., 663.

Appeal dismissed.