STATE EX REL. BEATRICE PARKS, v. A. G. SEAGRAVES.

(Filed 7 December, 1932.)

**Appeal and Error E a—Judgment is necessary part of record proper.**

> It is the duty of the appellant to see that the record is properly made up and transmitted, and it is required that the pleadings, the issues and the judgment be a part of the transcript in all cases, and where the record does not contain these necessary parts the appeal will be dismissed.

APPEAL by defendant from *Moore, J.,* at May Term, 1932, of WILKES.

Proceeding in bastardy (civil action, *S. v. Liles,* 134 N. C., 735, 47 S. E., 750).

From "judgment signed," the defendant appeals.

*F. J. McDuffie and Trivette & Holshouser for plaintiff.*
*J. H. Whicker for defendant.*

STACY, C. J. The record recites "judgment signed," but we are not advised as to its contents. The proceeding was denominated a criminal action in the justice's court, and a civil action in the Superior Court. In the absence of the judgment, we cannot know whether it purports to be one rendered in a civil action or in a criminal prosecution.

Rule 19, sec. 1, provides that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The judgment of the Superior Court is not in the record. *Everett v. Fair Association,* 202 N. C., 838, 162 S. E., 896. It is the uniform practice to dismiss the appeal for failure to send up necessary parts of the record proper. *Riggan v. Harrison, ante,* 191; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. It is the duty of appellant to see that the record is properly made up and transmitted. *S. v. Frizell,* 111 N. C., 722, 16 S. E., 409.

Appeal dismissed.