### STATE v. CALEB I. WRAY.

#### (Filed 13 April, 1949.)

**1. Criminal Law § 80b (5)—**

   Where only one of several indictments consolidated for trial appears in the record, and the record does not make it clear whether the indictment therein set out is the one referred to in the verdict, the appeal will be dismissed on motion of the Attorney-General for incompleteness and defectiveness of the record in material particulars.

**2. Criminal Law § 81b—**

   The judgment of the Superior Court is presumed correct and the burden is on appellant to show error.

**3. Criminal Law §§ 73a, 74—**

   It is the duty of appellant to see that the record is properly made up and transmitted.

APPEAL of defendant from *Phillips, J.,* November Term, 1948, of ROCKINGHAM.

Criminal prosecution on charge of (a) violation of prohibition laws, (b) assault with a deadly weapon, and (c) resisting an officer.

The Attorney-General moved to dismiss for the reasons set forth in the written motion filed.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*P. W. Glidewell, Sr., for defendant, appellant.*

PER CURIAM. The defendant appears to have been tried on four bills of indictment which were consolidated for trial. Only one of these appears in the record, which contains four counts respecting violation of the prohibition laws. The record discloses that defendant was convicted in "cases numbers 166, 167 and 168," "on all three counts," and the judgment is rendered in 167, which is identified therein as the count of resisting an officer, "that the defendant be confined in the common jail of Rockingham County," assigned to work on the roads for a term of 18 months"; and that in 168, the count of assault with a deadly weapon, the defendant was sentenced to the county jail of the county and assigned "to work on the public roads under the supervision of the Public Works Commission for a term of 18 months," the sentence to begin running at the expiration of the foregoing sentence; adding, "This sentence not to run concurrently, but to begin running at the expiration of the sentence imposed in 167—to run concurrently and not consecutively," (*sic*). And in number 166 the defendant was sentenced to be confined in the county

jail to work on .the roads for two years, the sentence suspended for a period of five years on condition.

The record contains only one indictment, unnumbered, which may or may not have been the indictment under which defendant was found guilty.

At any rate, no indictments appear in the record relating to the resisting of an officer, or to an assault with a deadly weapon, under which the defendant was apparently convicted and sentenced; and it is impossible for the Court to determine with that certainty which the law requires whether the indictment set out in the record is the No. 166 referred to in the verdict.

This does not inure to the benefit of the appellant. *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181, thus states the rule applicable to the present case:

> "In cases of this character the jurisdiction of this Court is not original, but appellate. . . . The presumption is that the judgment of the Superior Court is correct, and the burden is on the appellant to show errors. As far back as *S. v. Butts,* 91 N.C. 524, all the requisites of the transcript were pointed out, and in *S. v. Frizzell,* 111 N.C. 722, the Court said: 'It is the appellant's duty to see that the record is properly and sufficiently made up and transmitted. Hereafter the Court will dismiss the appeal or affirm the judgment, as the case may be, when the record is defective in any material particular, in all cases in which the Attorney-General . . . sees proper to make such motion, unless sufficient excuse for the apparent laches is shown.' "

See also *S. v. Golden,* 203 N.C. 440, 441, 166 S.E. 311, and cases cited.

The motion of the Attorney-General must be allowed.

Appeal dismissed.