STATE v. HOYLE BENTON BUCHANAN.

(Filed 18 April, 1951.)

**1. Intoxicating Liquor § 4a—**

Possession of any intoxicating liquor for the purpose of sale, except as authorized by law, is unlawful, and possession within the meaning of the statute may be actual or constructive. G.S. 18-32.

**2. Intoxicating Liquor § 9b—**

Proof of possession of more than one gallon of spirituous liquors at one time, whether in one or more places, constitutes *prima facie* evidence of possession for sale. G.S. 18-32.

**3. Criminal Law § 28—**

Defendant's plea of not guilty puts in issue every element of the offense charged.

**4. Intoxicating Liquor § 9d—**

Evidence tending to show that defendant operated a rooming house and that the officers found more than one gallon of tax-paid whiskey in the two rooms occupied by him, is sufficient to make out a *prima facie* case and overrule defendant's motion to nonsuit in a prosecution under G.S. 18-32.

APPEAL by defendant from *Hatch, Special Judge,* at December Term, 1950, of WAKE.

Criminal prosecution upon a warrant issued out of the City Court of Raleigh, City of Raleigh, Wake County, North Carolina, charging that Hoyle Benton Buchanan did on 24 June, 1950, at and in the City of Raleigh "unlawfully sell, barter, transport, import, export, deliver, furnish, purchase or possess, intoxicating liquor for the purpose of sale—to wit, forty-nine pints of tax-paid whiskey, against the form of the statute," etc., heard *de novo* in Superior Court on appeal thereto from judgment of said city court.

Defendant pleaded not guilty.

Upon the trial in Superior Court, the State offered evidence, briefly stated in the light most favorable to the State, as follows:

On 24 June, 1950, defendant was in charge of, and living in a rooming house in the 300 block of South Blount Street in the city of Raleigh, for probably six or seven months. Steps lead up to a large room or hallway. Around this hall are small adjoining rooms. There is a door from the hall into each room, and connecting doors between all rooms. Officer Goodwin testified in pertinent part: "I found which room was occupied by Buchanan,—the one on the south and southeast corner. We went in that room. In one of the rooms, he has two rooms there that he claims. In one of those rooms we found 7 pints of tax-paid whiskey . . . In the adjoining room, as I say, each room is joined. The door from that room was open into the adjoining room. In that room we found 8 pints of whiskey and a broken pint bottle which was about a fifth full, and a broken fifth bottle which had just a small amount in it, I'd say a tablespoon . . . We went into all the rooms and we found whiskey in seven of the rooms . . . 8 broken pints and a broken fifth in one room; in the next . . . 8 pints . . . in another 8 pints . . . one of them was locked; we never did get into that; . . . in another room there were 8 pints . . . in another . . . 7 pints, a total of 48 pints . . . This is the whiskey. The whiskeys were in bags . . ."

Officer Peebles testified in pertinent part: "I went on up to the room that Buchanan told me several times was his room, and I went in that room and the one on each side, the one just east of his room, and the one joining at the west. They were open from his room . . . When I went in his room I found 7 pints in Buchanan's room; there were 7 pints in the room adjoining on the east side, and . . . 8 pints in a bag in the room joining his on the west; then there was a piece of a pint . . . I found 22 full pints in the two rooms."

And Officer Nichols testified in pertinent part: "The doors were unlocked between the rooms we went into. You can go from Buchanan's room to each of the other rooms without unlocking any doors . . . I was in Buchanan's apartment, two rooms; we found several pints there."

The State also offered, over objection by defendant, evidence tending to show that the officers had observed the place since Buchanan has been in charge of it, two or three Saturday nights during the month, and had seen "considerable traffic in and out other than the roomers . . . people drive up, park their cars, go in and stay a while, and come out." And Officer Nichols, without objection by defendant, testified to like effect.

Defendant offered no evidence, but reserved exceptions to denial of his motions, aptly made for judgment as of nonsuit.

Verdict: Guilty as charged.

Judgment: Confinement in common jail of Wake County for a term of nine months and assigned to work the public roads "under the order and direction" of the State Highway and Public Works Commission.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*Jones & Farmer for defendant, appellant.*

WINBORNE, J.   Defendant, on this appeal, challenges, in the first instance, the correctness of the action of the trial court in overruling his demurrer to the evidence under provisions of G.S. 15-173.

In this State G.S. 18-32 declares it unlawful for any person to have or keep in possession for the purpose of sale, except as otherwise authorized by law, any spirituous liquor, and proof of the possession of more than one gallon of spirituous liquors at any one time, whether in one or more places, shall constitute *prima facie* evidence of the violation of this section.

Possession, within the meaning of this statute, G.S. 18-32, may be either actual or constructive.   *S. v. Lee,* 164 N.C. 533, 80 S.E. 405; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Penry,* 220 N.C. 248, 17 S.E. 2d 4; *S. v. Webb, ante,* 382.

In the *Meyers case, supra,* it is stated: "If the liquor was within the power of the defendant, in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual."

The defendant here, by his plea of not guilty, put in issue every element of the offense charged.   *S. v. Meyers, supra; S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Hendrick,* 232 N.C. 447, 61 S.E. 2d 349; *S. v. Webb, supra.*

The question therefore arises here as to whether there is evidence sufficient to support a finding by the jury, beyond a reasonable doubt, that defendant had in his possession, actual or constructive, more than one

gallon of spirituous liquors. While the record on appeal recites evidence from which the jury might have found otherwise, we are of opinion and hold that the quoted portions of the evidence are sufficient to make out a *prima facie* case against defendant on the charge of unlawful possession of more than one gallon of spirituous liquors on 24 June, 1950, within the meaning of G.S. 18-32.

This case is distinguishable in factual situation from the case of *S. v. Hanford,* 212 N.C. 746, 194 S.E. 481, on which defendant relies. It too is distinguishable from *S. v. Webb, supra.*

Other assignments of error have been given due attention and are found to be without merit.

Hence, in the judgment below, we find

No error.