### STATE v. JAMES ARTHUR JENKINS.

(Filed 19 September, 1951.)

**1. Criminal Law § 77a—**

On appeal in criminal cases, the indictment and warrant and plea on which the case is tried, the verdict and the judgment appealed from, are all essential parts of the transcript. Rule of Practice 19, Sec. 1.

**2. Criminal Law § 73a—**

It is the duty of appellant to see that the record is properly made up and transmitted. G.S. 15-180.

**3. Intoxicating Liquor § 9d—**

Evidence to the effect that officers with search warrant found a half gallon of nontax-paid whiskey in a kettle on the kitchen table in defendant's home is sufficient to sustain conviction of illegal possession of intoxicating liquor in violation of G.S. 18-48.

**4. Criminal Law § 43—**

Chap. 644, Session Laws of 1951, has no application to evidence obtained by search prior to 9 April, 1951.

**5. Criminal Law § 78d (1)—**

Where there is no objection to the admission of evidence, a motion to strike is addressed to the sound discretion of the trial court.

**6. Same—**

Where there is no objection to the admission of evidence, but only a motion to strike, Chap. 150, Session Laws of 1949, is inapplicable.

**7. Criminal Law § 81c (2)—**

A charge will not be held for reversible error when it is not prejudicial upon a contextual construction.

This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Harris, J.,* March Term, 1951, of EDGE-COMBE.

Criminal prosecution on warrant charging the defendant with the "possession of one-half gallon of illicit and nontax-paid whiskey for the purpose of sale."

The record discloses that on 18 November, 1950, two policemen of Rocky Mount went to the home of the defendant with search warrant, found a half-gallon of whiskey in a kettle on the kitchen table, poured it into a bottle or jar which they found behind the stove, then went to the front of the house and there discovered the defendant with "about six more fellows," said to the defendant, "James let's go"; the defendant replies, "That's not my whiskey," whereupon the officer held up the whiskey and asked the rest of the fellows in the room if it were theirs, and they all said "No, it is not." In the meantime someone had knocked on the door and said, "Let me in, James." A taxi driver and three or four more came in. One of the officers directed them to take a seat.

The defendant was arrested and taken to police headquarters. None of the others was arrested.

The kettle and jar and contents were offered in evidence on the hearing. Neither had a State or Federal stamp on it.

The defendant was found guilty in the Recorder's Court and sentenced, from which he appealed, was tried *de novo* in the Superior Court, found guilty by the jury of "possession of nontax-paid whiskey" (as recited in the judgment) and sentenced to twelve months on the roads.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Fountain & Fountain for defendant.*

STACY, C. J. Since the only reference to the verdict appearing on the record is a recitation in the judgment of what it was, without full incorporation of it therein, it may be doubted whether the case is properly before us for decision. *S. v. May,* 118 N.C. 1204, 24 S.E. 118.

On appeal in criminal cases, the indictment or warrant and plea on which the case is tried, the verdict and the judgment appealed from are essential parts of the transcript. Rule 19, Sec. 1, of the Rules of Practice, 221 N.C. 553; *S. v. Clough,* 226 N.C. 384, 38 S.E. 2d 193 (dismissed for failure to show organization of court, bill, warrant or verdict); *S. v. Dry,*

224 N.C. 234, 29 S.E. 2d 698 (dismissed for failure to show warrant); *S. v. Currie,* 206 N.C. 598, 174 S.E. 447 (dismissed for failure to supply lost indictment); *S. v. Golden,* 203 N.C. 440, 166 S.E. 311 (dismissed for failure to show organization of court, bill, warrant or verdict); *S. v. Lumber Co.,* 207 N.C. 47, 175 S.E. 713 (dismissed for failure to bring up pleadings); *S. v. Wray,* 230 N.C. 271, 52 S.E. 2d 878 (dismissed for failure to show indictment); *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181 (dismissed for failure to supply lost indictment); *S. v. Cunningham,* 94 N.C. 824 (no plea shown). See, also, *S. v. Farrell,* 223 N.C. 804, 28 S.E. 2d 560, on requirement that arraignment and plea in capital cases be made to appear on the record. A plea of traverse is the *sine qua non* or prerequisite to a jury trial. Without such plea, there is nothing for a jury to try. *S. v. Cunningham, supra.* Criminal appeals are to be perfected and the cases for the Supreme Court settled "as provided in civil cases." G.S. 15-180. It is the duty of appellant to see that the record is properly made up and transmitted. *S. v. Frizell,* 111 N.C. 722, 16 S.E. 409.

However, assuming the sufficiency of the record, as there is no motion to dismiss, *S. v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267, we think the same result or one similar in effect must be reached on the merits of the case. There was ample evidence to require its submission to the jury. *S. v. Buchanan,* 233 N.C. 477, 64 S.E. 2d 549. Indeed, the evidence of illegal possession seems complete. *S. v. Dowell,* 195 N.C. 523, 143 S.E. 133. There is also evidence sufficient to warrant the jury in finding that its possession was for the purpose of sale, G.S. 18-11, albeit they appear to have found the defendant guilty only of illegal possession in violation of G.S. 18-48.

Nor can the defendant's challenge to the validity of the search warrant be sustained. In the first place, it may be doubted whether the defendant properly presents his challenge. The evidence in respect of the validity of the warrant seems to have been offered without objection. The only exception is to the refusal to strike it out. This was a matter addressed to the sound discretion of the trial court. *S. v. Matthews,* 226 N.C. 639, 39 S.E. 2d 819; *S. v. Hunt,* 223 N.C. 173, 25 S.E. 2d 598; *S. v. Herndon,* 223 N.C. 208, 25 S.E. 2d 611. Nevertheless, conceding the sufficiency of the challenge, the evidence was quite sufficient to withstand the motion to strike. *S. v. Elder,* 217 N.C. 111, 6 S.E. 2d 840. Chapter 644, Session Laws 1951, is inapplicable as it has no application to pending litigation or to evidence obtained by search prior to 9 April, 1951, the effective date of the Act. Nor is Chapter 150, Session Laws 1949, purporting to dispense with the necessity of taking an exception to any ruling on objection to the admission of evidence, applicable to the facts of the instant record. There was no ruling on objection to the admission of the evidence.

While the charge may be subject to some criticism, especially the manner in which the State's contentions were given, we think it will do when construed contextually, *i.e.,* in the same connected way in which it was delivered to the jury—the established rule of such construction.   *S. v. Marsh, ante,* 101; *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269.

The result will not be disturbed on the record as it presently appears.

No error.

NOTE:   This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.