STATE v. ROBERT OUTERBRIDGE.

*Homicide—Juror—Evidence—Venue—Plea in Abatement.*

1. A juror who has acted in the inferior court within two years next preceding a trial in the superior court, is not disqualified by the act of

1879, ch. 200, for serving as tales-juror in the latter court. To render him incompetent it must be shown that he acted in the *same* court within the prescribed period.

2. In a case where circumstantial evidence is relied on to convict of murder, and as a link in the chain of such evidence, it is competent to show that a bullet taken from the body of deceased and one taken from a tree near the spot where his body was lying, fitted the moulds found in possession of the prisoner. Nor is it error in the judge to refuse to withdraw such evidence from the jury when the result of interrogating the state's witness by the prisoner's counsel was the exhibition and comparison of the bullets and moulds in view of the jury.

3. Where a prisoner is charged with killing the deceased in the county in which the indictment is found, the state need not prove that the offence was committed in that county. Such allegation is to be taken as true unless the prisoner denies the same by plea in abatement. Bat. Rev., ch 33, § 70.

(*Meroney* v. *Avery*, 64 N. C., 312, cited and approved.)

INDICTMENT for Murder, tried at Fall Term, 1879, of BERTIE Superior Court, before *Avery, J.*

The prisoner is charged with the killing of one Peter Freeman in the county of Bertie. The first exception touching the qualification of a juror is stated in the opinion of this court. The evidence was as follows: One Seabrill, a witness for the state, testified that on the 17th of September, 1879, (the day on which the homicide is alleged to have been committed) he was engaged in rafting timber on the Roanoke river, and that deceased and four other men were in his employ; that after getting through with their work for the day they got into a small boat to go home, and stopped at a landing where the deceased got off about dark to go to his house, and after rowing up the river about one hundred yards, they heard the report of a gun and the voice of the deceased, saying, "murder," and then another report of a gun. The witness directed the men to row back to said landing, and on reaching it they got out of the boat and went up the road leading to the house of deceased and

found his dead body in the road; they then went to prisoner's house a short distance off, and on approaching it the prisoner said in an excited manner, " who's that? " Upon arresting the prisoner he asked " what for? " and the witness replied " because Peter Freeman was lying dead across the road, and you have the only double-barrel gun in the neighborhood," and prisoner replied, " I have been sick in bed all day. I have not shot the gun since Monday morning." Witness then sent for the gun, and on examination of the barrel and tubes found that it had been discharged in a very short time before. He then found upon the hearth of the prisoner's house fragments of melted pewter which appeared to have been cut from bullets as they were being moulded.

It was also in evidence that a tree near the place where deceased was lying showed marks of two bullets, one of which having entered the tree was cut out; several bullet holes were seen in the back and shoulders of deceased; pieces of yellow paper were found near by, which corresponded with those seen on a table in prisoner's house; prisoner was arrested by a constable, and on the next day his person was searched and a pair of bullet moulds found in his pocket; the ball taken from the tree and one taken from the body of deceased fitted these moulds. After witness made this statement without objection, the prisoner's counsel asked him whether the bullets and moulds were in court, and witness replied he supposed they were in the possession of the solicitor; thereupon they were produced and exhibted to the jury and compared in their presence. After prisoner's counsel asked the question and elicited the answer, he moved the court to withdraw from the jury the statement of the witness that the bullets fitted the moulds. Motion overruled and prisoner excepted.

It was further in evidence that just before the moulds were found in prisoner's pocket he stated to a witness that he had sold them; that prisoner was seen with his gun on

the morning before the homicide, with both barrels loaded; that about a month before the homicide, when prisoner on one occasion saw the deceased whipping his wife and quarrelling with her for receiving presents from the prisoner, he said in an angry manner "that he would put the deceased where the dogs could'nt bite him." There was other evidence of similar threats. But no witness testified that the place where deceased was killed was in Bertie county, and in the absence of such evidence the special instruction set out in the opinion was asked by the prisoner and refused by the court. Verdict of guilty, motion in arrest overruled, appeal by prisoner.

*Attorney General*, for the State.
*Messrs. Oct. Coke* and *Gilliam & Gatling*, for prisoner.

ASHE, J. The questions presented for our decision in this case arise from the exceptions taken to the ruling of His Honor in the progress of the trial, and we will consider them in the order in which they were taken:

1. Two of the jurors who were drawn were challenged by the prisoner for cause, and the cause assigned was that they had acted as grand or petit jurors within two years next preceding that court. They stated on their examination that they had served as petit jurors in the inferior court for that county, but had not acted as grand or petit jurors within two years next preceding that term of the court, in the superior court. There was no error in overruling this exception. The act of 1879, ch. 200, under which the exception was taken, reads: " That it shall be a disqualification and ground of challenge to any tales-juror that such person has acted in the same court as grand or petit juror within two years next preceding such term of the court." They must have acted in the same court, otherwise there is no disqualification.

2. When one of the witnesses for the state, upon his examination in chief, stated that on the next day after the death of the deceased, the person of the prisoner was searched and a pair of bullet moulds was found in his pocket, and a ball taken from an oak tree near where the body of the deceased was found and one taken from his body fitted the moulds, prisoner's counsel without objection to the statement interrupted the examination and asked the witness if the bullets and moulds were in court, to which the witness replied he supposed they were in the possession of the solicitor ; and after they were produced and identified by the witness, and the bullets fitted in the moulds in view. of the jury, the counsel for prisoner then moved the court to withdraw from the jury the statement of the witness that the bullets fitted the moulds, which His Honor properly refused to do. There is nothing in the exception. The evidence was altogether pertinent. The state was relying upon circumstantial evidence to establish the guilt of the prisoner. On the evening of the death of deceased, signs were discovered on the hearth in the house of prisoner of bullets having been recently moulded; his gun bore fresh marks of having been fired ; a bullet was found in a tree near where the deceased fell, killed by gun-shot wounds, and one was found in his body. The fact, then, that these bullets fitted in the moulds which were found in his pocket was a link in the chain of evidence that pointed to the prisoner as the perpetrator of the bloody deed, and was clearly admissible ; but if it were not, the prisoner's objection came too late, and was waived by his interrogating the witness. *Meroney* v. *Avery*, 64 N. C., 312.

3. No witness having testified that the place where the deceased was killed was in the county of Bertie, the prisoner's counsel prayed for the following instructions, to-wit : " It is the duty of the state to satisfy the jury beyond a reasonable doubt that the offence was committed in manner

and form as charged in the bill of indictment, and as there is no evidence before the jury that Peter Freeman was shot, assaulted or died in Bertie county, it is their duty to acquit." The court declined to give the instruction, holding that under section 70, chapter 33 of Battle's Revisal, the objection could only be raised for the benefit of the prisoner by plea in abatement.

Since the act of 1844, it has not been necessary on the trial of an indictment, either for felony or misdemeanor, for the state to prove the offence to have been committed in the county where the defendant is indicted. The act is very broad in its terms, and the language used is " that in the prosecution of *all* offences it shall be deemed and taken as true that the offence was committed in the county in which, by the indictment, it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement." And the act proceeds to distinguish between felonies and misdemeanors in respect to the effect of the finding of the court upon the plea against the defendant. In misdemeanors judgment will be pronounced against the defendant as upon conviction, but in felonies he will be allowed the right to be tried upon his plea of not guilty. But in felonies, as in misdemeanors, the objection can only be taken by plea in abatement. There was no error in the refusal to give this instruction.

The prisoner finally moved in arrest of judgment on the ground that the bill of indictment did not distinctly and sufficiently charge that the crime was committed in the county of Bertie. Upon a careful perusal of the indictment we find that time and place are laid to every material fact charged, and that there is no ground for the arrest of the judgment for any alleged defect in the bill of indictment or error in the record.

There is no error. Let this be certified to the superior

court of Bertie county, that further proceedings may be had agreeably to this opinion and the laws of the state.

PER CURIAM.                                No error.