STATE v. MINOR LYTLE.

*Indictment for Burning Barn—Venue—Presumptive Evidence.*

1. Where an indictment charged that an offence was committed in a certain county and, on the trial, there was no evidence that it was committed in that county and there was no plea in abatement or any request that the trial Judge should instruct the jury on that matter, it was not the duty of such judge to instruct the jury to render a verdict of not guilty.

2. Inasmuch as Section 1194 of *The Code* provides that it shall be presumed that the offence was committed in the county in which the bill of indictment alleges it to have been committed, the defendant must make his denial by plea in abatement, if he claims the offence to have been committed in another county, and where it is claimed that it was not committed in this State at all it may be shown as a matter of defense under the general issue.

STATE v. LYTLE.

3. Where the bill of indictment charged that an offence was committed in a certain county of the State but there was no evidence of venue, the presumption under Section 1194 of *The Code* is that it was committed in the State.

4. On a trial for arson, it was not error to permit a witness to testify that, a short time before the burning, defendant was complaining that the prosecutor claimed too much rent of him ; that the witness asked him what he was going to do about it, and defendant replied, "I'll burn it."

5. It was not error to permit a witness to testify that on the night of the burning, about 7 : 30, he met a man whom he took to be defendant ; that he was within seven steps of the man, in the road, near witness' house ; that he was a low, chunky man ; that it was too dark to see whether he was white or black ; that he had his back to witness and had on a dark sack coat ; and that he had known defendant 10 years, and seen him often.

INDICTMENT for barn burning, tried before *Ewart, J.*, at the July, 1895, Term of the Criminal Circuit Court for BUNCOMBE County. The defendant was convicted and appealed. The facts appear in the opinion of Associate Justice FURCHES.

*The Attorney General* and *Locke Craig*, for the State.
*Messrs. Adams & Parker*, for defendant (appellant).

FURCHES, J.: The exceptions not appearing very plainly from the record, it was agreed by the Attorney General and Mr. Adams, who represented the defendant, to submit the case on three exceptions : 1. That there was no evidence that the offence charged (burning a barn) was committed in Buncombe county. 2. As to the admission of evidence that defendant had threatened to burn the barn. 3. The court erroneously allowed the evidence of Doskins as to seeing defendant the night of the fire.

The first exception cannot be sustained. The indictment charged the offence to have been committed in Bun-

combe county. Defendant pleaded not guilty and went to trial, and there was no evidence introduced to show that the offence was committed in Buncombe county, or any other county. It was in evidence that it was within eleven miles of Asheville. But we will leave this evidence out of the case in considering this exception. There was no such point made on the trial, no request that the court should rule upon this question, no instruction asked as to this point. But the question is attempted to be raised by the exception as to the charge of the court that, there being no evidence on this point, the court should have directed the jury to return a verdict of not guilty. For this position the counsel for defendant cited *State* v. *Revels*, Busbee, 200, which tends to sustain his position. And while this case was decided in 1853 it seems to have been put upon the question of sufficient evidence, and a case in 6 Eng. Com. Law Reports, 413, is cited as authority. And the statute of 1844 (*Code*, Sec. 1194) seems to have been entirely overlooked.

This statute reversed the rule which seems to have obtained on the trials of criminal cases before its enactment. It was intended to do so, and we must hold that it did do so. It provides that it should be presumed that the offence was committed within the county in which the indictment charges it to have been committed, and makes it a matter of defense, if this is denied by defendant, to be taken advantage of by plea in abatement, if it is alleged to have occurred in another county of this State, as held in *State* v. *Outerbridge*, 82 N. C., 617; or, where it is insisted that it was not in this State at all, it may be shown as a matter of defense under the general issue, as in *State* v. *Mitchell*, 83 N. C., 674. These cases clearly establish the rule in such cases under the statute of 1844, *supra*, to be a matter of defense, and overruled the case of *State* v.

117—51

STATE *v.* LYTLE.

*Revel, supra.* But it was insisted by counsel for defendant that the Act of 1844 only made this presumption as to the county in which the offence was committed, and it made no presumption that it was committed within the State. But it would be so illogical to say that it was committed in Buncombe county, which is a part of the State, and then say it was not committed within the State, that we.must decline to give this proposition our assent.

The second exception cannot be sustained. One Van Allen, among other things, testified that in a conversation with defendant a short time before the burning, in which defendant was complaining of· the prosecutor Merrill's claiming too much rent, the witness asked defendant what he was going to do about it, when defendant replied : "I'll burn it, I'll burn it, I'll burn it." This evidence was objected to by defendant, allowed by the court and defendant excepted and cites *State* v. *Norton,* in support of his exception. But this case is distinguishable from Norton's case. That was an indictment for assault and ·battery. There was no dispute as to the parties engaged in the difficulty, and it was held to be incompetent, as it could not tend to explain the fight. But in that case it is said that it is competent in cases where it became material to show intent. This case is a case of circumstantial evidence. The fact that the barn was burned was not denied. But who did it, was the question. The State alleged that it was the defendant and offered this evidence as one fact, or link in the chain, connecting the defendant with the burning ; that he had the motive which is always considered a leading fact in circumstantial evidence. And in this view threats were allowed to be proved in *State* v. *Rhodes,* 111 N. C., 647 ; *State* v. *Thompson,* 97 N. C., 496 ; *State* v. *Gailor,* 71 N. C., 88, all of these cases being for burning houses, and they were all approved by this Court.

The third exception cannot be sustained. John Dawkins, among other things, testified: "I recollect the night when the barn was burnt. I met a man whom I took to be Lytle; I was in 7 steps of him, the man whom I took to be Lytle, in the road near my house. He was a low chunky man. It was too dark to see whether he was white or black. He had his back to me, had on a dark sack coat. I have known Lytle ten years, have seen him often. Had I spoken to him I would have called him Lytle. This was almost 7:30 on the Howard Gap road. This was the night the barn was burnt." This evidence was objected to, allowed and defendant excepted, and *State* v. *Thorp*, 72 N. C., 186, is cited to sustain the exception. But it will be seen that this case is easily distinguishable from Thorp's case. That case holds that a witness should not be allowed to give his "impression as to the matters of which he has no personal knowledge,".that is, he should not be allowed to give the results of his mind, his reasoning, as evidence, but only the results produced on his senses, as seeing, hearing, &c. In fact, the case of *State* v. *Thorp*, sustains the ruling of the court as does also that of *State* v. *Rhodes*, *supra*. It is true that it appears from the evidence sent up that upon cross examination by defendant, the witness Dawkins said, "I only judged it was Lytle from his chunky build and the fact that I had heard he had gone up the road that day." If this had been the evidence called out by the State under the objection of defendant, we would have held that the latter part of the sentence ("and the fact that I had heard he had gone up the road that day") was improper as a means of identifying Lytle. This would have fallen within the criticism of Judge READE in delivering the opinion in *State* v. *Thorp*, *supra*. But there are two reasons why it cannot avail the defendant here :

it was called out by him on cross examination, and it was not objected nor excepted to.

Affirmed.