This was an indictment charging Len Walton, Cyrus McLean and Will McLean, alias Will Shaw, with the murder of Dewey Castleberry. The second count charged Floyd Walton, Will Walton and Jule Bethea, alias Jule Easterling, with being accessories before the fact of such murder; and the third count charged Floyd Walton, Will Walton and *Page 486 
Jule Bethea with being accessories after the fact of said murder. Len Walton and Cyrus McLean were fugitives from justice and, therefore, not on trial. Will McLean, alias Will Shaw, was acquitted by the jury. Floyd Walton, Will Walton and Jule Bethea were convicted upon a general verdict of guilty upon the other two counts, and from the judgment upon such conviction the two Waltons and Jule Bethea appealed.
Dewey Castleberry, the deceased, was found desperately wounded near a cross-roads, about six miles from Red Springs in Hoke County, on Sunday morning, 15 July, 1923. Late in the afternoon of the day before, the deceased had some difficulty while driving his Ford car along the road with the prisoner Floyd Walton, who was himself driving a Chalmers car, the property of Henry McNeill. The cause of the difficulty does not appear but it was shown that Dewey Castleberry, a white man, fired a pistol at Walton and wounded him in one of his arms. Later that afternoon Will Walton, Floyd Walton and Jule Bethea went to Red Springs to have Floyd's wound attended to. Between 8 and 9 o'clock that night they were shown to have been at Red Springs. Truby Castleberry, a brother of the deceased, testified that when they came into the drug store where he was at the time, that Floyd Walton said they were going to "get my brother that night; he said my brother had shot him through the arm; that he was on the road near Baxter McLean's, near a swamp, when my brother shot him in the arm. He said the three of them were going to get my brother that night and I told him to let the officers do that." The defendants were all colored men.
After Floyd's wound was attended to by the doctor, these three left in the Chalmers car and went towards the cross-roads where the deceased was found desperately wounded the following morning. Truby Castleberry also testified that this Chalmers car used by the prisoners had only one light burning.
T. J. Jones, driving a horse and buggy, left Red Springs that Saturday night after dark. He lived about three-quarters of a mile from the cross-roads at which Dewey Castleberry was shot. He testified that as he was driving along that Saturday night he met some one near the place where Castleberry was shot and this person stopped him. He is under the impression that such person was Len Walton. There were two more persons standing off near there but he did not recognize them. One of these persons had a gun in his hand. He also met a car going *Page 487 
towards Red Springs having only one light, about half a mile from where Castleberry was found next morning. Driving on past this place about 800 yards he stopped at the house of A. L. McLendon, and while talking to him both of them heard three gunshots in the direction of the cross-roads.
McLendon testified that Jones stopped at his house about a quarter past nine o'clock, and while he was there there was some shooting taking place about the cross-roads, and that Jones told him that some one had held him up at the cross-roads and he thought he was going to be robbed when he was stopped, and that he took the man who stopped him to be Len Walton. McLendon and Jones had a clear view of this cross-roads, which was 547 yards off, and before they heard the shots they saw two automobiles come up to the cross-roads and both of these stopped, and soon after they heard the shots.
Both Jones and McLendon early the following morning went to the cross-roads and found Dewey Castleberry desperately wounded with the left side of his head bloody and mangled by shot from a shotgun. He was alive when they got there but unconscious. They testified that he had evidently ridden to this place in his Ford car and was sitting in it when shot, for the top of the machine showed this and the wind-shield in front was broken as though the gun had been fired at close range. On the right-hand side of the car, their testimony is that they saw tracks which indicated that a man was sitting down there on his haunches. On the left-hand side of the road they found the print of the toes of a man's shoes and the print of his knees on the ground, indicating that he was on his knees, and they found a gun-shell just a few steps from these knee-prints and another gun-shell on the public road a few feet off. They also found another shell where Castleberry's Ford left the road and ran out in the cotton patch. A physician, Dr. Johnson, was secured by the neighbors immediately that Sunday morning, and he carried Castleberry to the hospital in Fayetteville where he lingered until the following Saturday morning. The doctor described the wounds which he said caused the death of Castleberry.
Truby Castleberry left Red Springs after the Chalmers car containing Floyd Walton, Will Walton and Jule Bethea, in a Ford car, and passed them. They followed him going in the direction of the cross-roads at which his brother was killed. This Chalmers car belonged to Henry McNeill, but was lent by him to Floyd Walton that afternoon and was returned to him about 11 o'clock that night, the defendants Will Walton, Floyd Walton and Jule Bethea being still in it.
After Floyd Walton was shot by Castleberry, and on his way to Red Springs, he stopped at Duffie's Station, and when he arrived there a big crowd gathered around him. Soon after, Cyrus McLean ran out *Page 488 
and cranked up his car, which was a Ford two-seated runabout, saying at the time that he was going home to get his gun. The witness, Willie McByrde, heard him say that Castleberry had shot Floyd Walton. Cyrus McLean came back soon and inquired if the Chalmers had come back, and then went down the road in his car. There was another man in the car with him, but the witness could not identify him as it was after dark.
John McLean passed the cross-roads, at which Castleberry was afterwards shot, somewhere about 8 o'clock that night and saw three men there, two of whom were in the cotton patch and the other in the road. The witness did not recognize the two in the cotton patch but recognized Len Walton as the man in the road.
Ernest Jordan passed along the road at this point between 8 and 9 o'clock that night traveling in a Ford touring car. He saw a Ford roadster standing just a few steps from the cross-roads. There were seven or eight men there at that time, two or three in the car and two or three around the car. Len Walton stepped from behind the car and motioned witness to stop, which he did, and recognized the man at the steering wheel of the roadster as Cyrus McLean but did not recognize the others. After passing this point the witness met Dewey Castleberry coming from Red Springs and going towards the place he had just left.
Major McNeill also passed this point, driving a mule, between 8 and 9 o'clock that night. There was a one-seated car on the right-hand side of the road and two people in it. There was also a man standing on the edge of the road who asked him, "Did you see Mr. Castleberry down the road; he shot my brother this afternoon and I want to see him." He recognized the man by his voice as Len Walton.
Baker, an officer at Red Springs, corroborated Truby Castleberry that Will Walton told the officers they had better take care of Mr. Castleberry that night; if the officers did not, they would. The crowd with Walton seemed to be pretty angry and talked angrily about the affair. The night watchman at Red Springs testified to the same purport.
Ralph Livingston lived about 500 yards from the spot where Castleberry was shot. He saw the Chalmers car pass with Floyd Walton, Will Walton and several other colored people in it. The car passed within eight or ten feet of him. After passing, it came back again and went toward Duffie's Station, and then came back past his house right after the shooting occurred. This witness heard the shooting, which occurred about twenty minutes past 9 o'clock by his time. At that time the car was going at a very rapid rate of speed.
The above is a summary of the evidence pertinent to charge from which it would appear that the jury adopted the view that the appellants did not do the killing, but aided and abetted Cyrus McLean and *Page 489 
Len Walton in the murder, for they convicted these three defendants of being accessories, both before and after the fact. Both Cyrus McLean and Len Walton disappeared from the community after the killing. All these witnesses, the deceased, and the defendants lived in the community.
From the fact that Floyd Walton did not return the Chalmers car to Henry McNeill until 11 o'clock, and from the other circumstances in the case, the jury drew the inference that these defendants also assisted Cyrus McLean and Len Walton in making their escape after the killing.
We think his Honor properly refused to enter a nonsuit at the conclusion of the State's evidence and at the conclusion of all the evidence. The exception that the court permitted the witness Jones to testify that he took the man who held him up at the cross-roads that night to be Len Walton was properly overruled. S. v. Spencer, 176 N.C. 713; S. v. Lytle,117 N.C. 803, and S. v. Thorp, 72 N.C. 186. The court properly permitted Willie McBryde to testify, as above, to what Cyrus McLean said and did upon his hearing that Dewey Castleberry had shot Floyd Walton.
Cyrus McLean and Len Walton were identified by the witness as two of the men apparently lying in wait for Castleberry at the cross-roads. There was sufficient evidence to justify the jury in finding that this was a joint enterprise upon the part of all the parties engaged directly in the killing or encouraging it.
It was not necessary to prove that Cyrus McLean and Len Walton killed Castleberry, for it was unnecessary to find the principals guilty under the present statute — C. S., 4175, 4177 — before the jury could find the other defendants guilty of being accessories. The evidence brought out was admissible in every respect in the case against the parties on trial.
There was also exception to the court permitting the policeman to testify that the crowd present in Red Springs at the time they went to secure a doctor for Floyd Walton seemed to be angry about the shooting of Floyd. This was a conclusion of the mind as to the mental condition of the parties, and admissible. S. v. Spencer, 176 N.C. 709; Renn v. R.R.,170 N.C. 128; S. v. Leak, 156 N.C. 643.
The defendants make a further objection that Will McLean, who was tried for the murder of Castleberry, having been acquitted, the verdict necessarily would result in the acquittal of the other defendants charged with being accessories before and after the fact of the killing. But the charge in this case is that the defendants were accessories both before and after the fact. The acquittal of McLean was not an acquittal of Len Walton and Cyrus McLean. C. S., 4175 to 4177, inclusive, is directly applicable to the facts of this case. S. v. Bryson, 173 N.C. 803;S. v. Reid, 178 N.C. 745. *Page 490 
It is not necessary to consider the other exceptions. Of the three parties charged with the murder, one was acquitted and the other two were fugitives from justice, and therefore not on trial. These defendants were on trial as accessories both before and after the fact, and we cannot say that there was not evidence from which the jury properly could arrive at the verdict that they were guilty as charged. Taking all the evidence into consideration, there was certainly more than a suspicion that these parties were accessories before the fact, and there was sufficient evidence in the movement of the car, of which these defendants were in possession, to justify the conclusion that they also participated in the escape of the two men charged by the grand jury with the murder. They were not convicted because not on trial, but the evidence pointed to them as guilty of the murder, and the evidence, though circumstantial, was properly submitted to the jury upon the charge that these prisoners were accessories to the murder.
No error.