## STATE v. ROBERT MUSE.

(Filed 24 November, 1948.)

**Assault § 14c: Criminal Law § 53g—**

Upon evidence tending to show that defendant hit his antagonist with as many as four rocks while his antagonist was prone on the ground, and the deadly character of the weapons in the manner and circumstance of their use is submitted to the jury, it will not be held for reversible error

that the court submitted the case on the question of defendant's guilt of assault with a deadly weapon or not guilty and refused to submit the question of defendant's guilt of simple assault, the character of the affray prior to the time defendant's antagonist was knocked unconscious not being controlling.

APPEAL by defendant from *Sink, J.,* February Term, 1948, of BUN-COMBE.

Criminal prosecution on indictment charging the defendant with an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. G.S. 14-32.

There was evidence on behalf of the State (the defendant offered none) tending to show that on the night of 2 December, 1947, the defendant and his wife and John Henry Penland were in a taxicab near the corner of Tiernan and Nelson Streets in the City of Asheville. They were all drinking. The two men fell to fighting, and the defendant Muse cut Penland with a knife. The driver of the taxicab pulled both men out of the cab, they were "pretty well intoxicated." He noted that Penland's clothes had been cut. The two men fell on the ground. Horace Johnson, who lived near-by, saw from his window that Penland had been "knocked out." Muse picked up as many as four rocks and hit him in the face or on the head with them while he was down. Johnson called the police. They found Penland unconscious "with his ear busted and blood all over his face." He had "a gash near his jugular vein and his ear cut all the way through." He was rushed to the hospital. Stitches were required on his neck, or throat, at a point near his mouth, and on his ear.

The court instructed the jury that one of two verdicts might be returned under the evidence, *i.e.,* guilty of an assault with a deadly weapon or not guilty.

Verdict: Guilty of assault with a deadly weapon.

Judgment: Fifteen months on the roads.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*R. R. Reynolds, I. C. Crawford, and C. C. Jackson for defendant.*

STACY, C. J. The question for decision is whether there was error in limiting the jury to one of two verdicts, *i.e.,* guilty of an assault with a deadly weapon or not guilty.

The court eliminated the felony charge, and submitted the case to the jury on "a less degree of the same crime charged," that is, an assault with a deadly weapon. Whether the less-aggravated offense of a simple assault should also have been submitted to the jury is the point pre-

sented by the appeal. Ordinarily, the position might prevail, *S. v. Bentley,* 223 N. C. 563, 27 S. E. (2) 738, but on this record where the manner and circumstance of the use of the alleged weapons was submitted to the jury and found to be deadly, we think the exception too tenuous to work a new trial. *S. v. Randolph,* 228 N. C. 228, 45 S. E. (2) 132. The character of the weapons seems not to have been mooted on the hearing. The defendant would have us consider only the evidence as to what transpired while the parties were in the taxicab. However, this was only the beginning of the affray.

No reversible error has been made to appear; hence the verdict and judgment will be upheld.

No error.