STATE v. GARNEY CHURCH, CHARLIE WYATT AND DEAN POWERS.

(Filed 2 November, 1949.)

**1. Criminal Law § 52a (1)—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**2. Criminal Law § 31g—**

The fact that the testimony of a witness as to the identity of defendants is not positive does not render the testimony incompetent but goes only to its weight.

**3. Criminal Law § 52a (2)—**

Testimony as to the identity of defendants as the parties, who in company with other unidentified persons, made a concerted assault with deadly weapons upon the prosecuting witnesses, *is held* sufficient to be submitted to the jury, and the fact that the State failed to introduce evidence as to the identity of such others is immaterial as to defendants' guilt.

**4. Assault § 12—**

In a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury, testimony as to a threat made by one of defendants against one of the prosecuting witnesses, in conjunction with testimony tending to establish his presence at the scene at the time of the offense, is competent as tending to implicate him.

**5. Criminal Law § 8b: Assault § 14a—**

Where the evidence discloses that defendants made an assault upon the prosecuting witnesses, each defendant being present, and acting in concert and aiding and abetting each other in making the assaults, all are principals and equally guilty, and defendants are not entitled to the submission to the jury of the question as to the guilt of each defendant separately as to assault upon a particular prosecuting witness.

**6. Criminal Law § 53g—**

Where there is no evidence of defendants' guilt of lesser degrees of the crime charged, the court is not required to submit the question to the jury.

**7. Assault § 14c—**

Where in a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury, the evidence tends to show assault upon a female at least, objection to the failure of the court to submit the question of defendants' guilt of simple assault cannot be sustained.

**8. Assault § 8e—**

An assault on a female, committed by a man or boy over 18 years of age, is a misdemeanor punishable in the discretion of the court.

**9. Criminal Law § 81c (2)—**

Where defendants are convicted of assault with a deadly weapon, the failure of the court to submit the question of their guilt of assault upon a

female, if justified by the evidence, cannot be held for prejudicial error, since both offenses are misdemeanors punishable in the discretion of the court.

APPEAL by defendants from *Pless, J.,* at March Term, 1949, of WILKES.

The defendants, Garney Church, Charlie Wyatt and Dean Powers, were charged in three separate bills of indictment with assault with deadly weapon with intent to kill, inflicting serious injury not resulting in death, on Billy Vanover, Jack Vineyard and Myrtle Jean Price, respectively.

Charlie Wyatt died before the trial, and the action abated as to him. The cases were consolidated for trial.

The State's evidence discloses that on the night of 8 January, 1949, Myrtle Jean Price, Billy Vanover, Jack Vineyard, John Vineyard, Lucille Greer and Pearlie Mae Lambert had driven from West Jefferson in a convertible Chevrolet automobile, which belonged to Jack and John Vineyard, to "Pop Triplett's Place," in Wilkes County. The place was closed when they arrived, but while they were sitting in their parked car, about 11:15 or 11:30 p.m., Charlie Wyatt went to the Vineyard car and said, "How are you all?" Someone in the car answered, "We are all right." He left and immediately several shots were fired behind the Vineyard car. Some of the occupants of the Vineyard car had seen six men get out of an automobile shortly before the shooting started, and when the first shots were fired, six men were standing behind the Vineyard car. Myrtle Jean Price testified she could not identify any of the six men; that she got out of the car and went up to three of the men and said, "Don't shoot any more in the car. There are girls in there." She further testified that she thought the three men were Garney Church, Dean Powers and Charlie Wyatt, and that the one she took to be Garney Church hit her in the eye with his fist, which "staggered" her, and some-one hit her in the mouth, knocked out a front tooth, and she was "knocked out." On cross-examination she was not positive in her identification of any of the defendants except Charlie Wyatt, but she did say: "To my best knowledge I saw Garney Church and Dean Powers there that night."

The evidence further discloses that after the attack on Myrtle Jean Price, three of the men went on one side of the Vineyard car and three on the other; that Charlie Wyatt held a pistol on Billy Vanover, while Dean Powers dragged him from the car; that Vanover was beaten and left on the ground; that Jack Vineyard was shot while he was in the car, the bullet entering his shoulder.

Jack Vineyard testified that before Myrtle Jean Price got out of the car she looked through the glass and said, "I see Garney Church. Let me out, I will stop him." Thereafter he started to get out of the car, and Charlie Wyatt had a pistol and punched him in the stomach. "I

just got one foot on the ground. Pearlie said, 'Look what they have done to Bill.' Somebody hit me with something and busted my skull and knocked me out. When I next knew anything was in Glendale Springs on my way to the hospital." He also testified that he later examined his car and one bullet entered the car through the back glass and "it looked like they shot in from both front doors, (shots) went in each corner of back seat. . . . I was sitting on the left side of the back seat at the time I got shot."

Mathie Triplett testified that he was at "Pop's Place" the night of the shooting. "I knew Garney Church. I have known him about three months. I saw him the night this shooting occurred. I saw him walking down the road from his car. That was before the shooting, a matter, I reckon, of a half or two minutes, something like that. He was walking from his car when I saw him. I know his automobile, it was there. I am positive it was him, I saw. I did not see the Vineyard boys or Billy Vanover or any of the witnesses on the stand. . . . We had lights in the house. . . . I opened the door and asked what was going on out there. Shooting was going on. I saw Church just a minute before anything started. . . . I was standing in the door when I saw Garney Church; I opened it enough to stick my head out the door. I didn't know none of the rest. I saw four men."

The defendants moved for judgment as of nonsuit at the close of the State's evidence. The motion was overruled. The defendants offered no evidence and renewed their motion, which was again overruled.

The jury found the defendants guilty in each case of assault with a deadly weapon. The court imposed a sentence on both defendants in each case, of two years in the common jail of Wilkes County, to be assigned to work on the roads under the supervision of the State Highway and Public Works Commission, the sentences to run consecutively.

The defendants appeal, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Moody and Forrest H. Shuford, II, Member of Staff, for the State.*

*F. J. McDuffie and Trivette, Holshouser & Mitchell for defendants.*

DENNY, J. These defendants seriously contend that their motion for judgment as of nonsuit should have been granted for the following reasons: (1) That the identity of the defendants was not sufficiently shown to warrant the submission of the charges to the jury; and (2) that the evidence is insufficient to show that the defendants conspired to assault Jack Vineyard, Billy Vanover and Myrtle Jean Price, or that they were acting in concert or aiding and abetting one another when the assaults were made.

We think the evidence adduced in the trial below, when considered in the light most favorable to the State, as it must be on motion to nonsuit, is sufficient to carry each of these cases to the jury as against both defendants. *S. v. Gentry,* 228 N.C. 644, 46 S.E. 2d 863; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Gordon,* 225 N.C. 757, 36 S.E. 2d 143; *S. v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473; *S. v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *S. v. Woodard,* 218 N.C. 572, 11 S.E. 2d 882.

The inability of the State to introduce evidence as to the identity of three of the six men who were present and aiding in the assault on these prosecuting witnesses, has no material bearing on the question of the guilt or innocence of these defendants. The evidence is unequivocal as to the presence and conduct of Charlie Wyatt and Dean Powers, and while the prosecuting witness, Myrtle Jean Price, would not say positively that she knew Garney Church and Dean Powers were two of the three men she requested not to "shoot any more in the car," she did testify that she thought they were present and that she thought Garney Church was the person who hit her in the eye with his fist. The fact that this witness was not positive in her identification of these defendants did not make her testimony inadmissible. The lack of positiveness as to the identity of Dean Powers and Garney Church went only to the weight and not to the admissibility of her testimony. Stansbury, N. C. Evidence, Sec. 129. *S. v. Lytle,* 117 N.C. 799, 23 S.E. 476; *S. v. Costner,* 127 N.C. 566, 37 S.E. 326; *S. v. Carmon,* 145 N.C. 481, 59 S.E. 657; *S. v. Lane,* 166 N.C. 333, 81 S.E. 620; *S. v. Walton,* 186 N.C. 485, 119 S.E. 886; *S. v. Lawrence,* 196 N.C. 562, 146 S.E. 395. Moreover, there is other evidence on this record which tends to show that Garney Church was present before the shooting started and while the assaults were being committed. These assignments of error will not be sustained.

The defendants also except to and assign as error the admission of the testimony of Myrtle Jean Price, as to the identity of Garney Church, in response to the following inquiry by the court: "Tell upon what ground you thought you recognized him?" Among other things the witness said: "He was at the cafe earlier in the afternoon. They were in there talking. He said he had some dealings with Billy Vanover and he was going to get even with him, he didn't say how or when. . . . I had known him all my life. He was raised in the same community I was."

The existence of a motive which prompts one to do a particular act, may be considered as "a circumstance tending to make it more probable that the person in question did the act, hence evidence of motive is always admissible when the doing of the act is in dispute," Stansbury, N. C. Evidence, Sec. 83. In *S. v. Wilcox,* 132 N.C. 1120, 44 S.E. 625, it is said: "A man's motive may be gathered from his acts and so his conduct may be gathered from the motive by which he was known to be influ-

enced.  Proof that the party accused was influenced by a strong motive of interest to commit the offense proved to have been committed although weak and inconclusive in itself, yet it is a circumstance to be used in conjunction with others which tend to implicate the accused."  S. v. Bynum, 175 N.C. 777, 95 S.E. 101; S. v. Alderman, 182 N.C. 917, 110 S.E. 59; S. v. Coffey, 210 N.C. 561, 187 S.E. 754.  Consequently, the threat made by Church against one of the prosecuting witnesses may be considered as a circumstance in conjunction with his presence at the scene of the crime before the shooting started, together with the other evidence, as tending to implicate him.

These defendants further contend they cannot be guilty of assaulting all three of the prosecuting witnesses, since they were fighting different parties.  And on this theory they contend there is no evidence that the defendant Garney Church did anything more than to commit a simple assault on Myrtle Jean Price, and that the defendant Dean Powers did not assault Jack Vineyard or Myrtle Jean Price.  Therefore, they contend the jury should not have been permitted to consider but two charges, to wit: One against Dean Powers for assaulting Billy Vanover, and the other against Garney Church for assaulting Myrtle Jean Price.  The contention will not be upheld in view of the evidence disclosed by the record.

The evidence tends to show that these defendants got out of a car at "Pop's Place" after the Vineyard car was parked; that Charlie Wyatt went to the Vineyard car, doubtless for the purpose of ascertaining who occupied the car, for immediately after rejoining his associates they began to shoot in the rear of the car; and when Myrtle Jean Price got out of the Vineyard car and went where three of the six men were then standing and said: "Don't shoot any more in the car.  There are girls in there," she was assaulted immediately, and one of the men fired a pistol in the direction of the car.

The jury might well have inferred from the conduct of the defendants that at the time the assaults were committed, these defendants and others had conspired to commit an assault on the prosecuting witnesses, or at least one of them, S. v. Knotts, 168 N.C. 173, 83 S.E. 972, but the evidence is also sufficient to show that these defendants were present, acting in concert and aiding and abetting each other in making the assaults.  And an indiscriminate assault upon several individuals is an assault upon each one of them.  S. v. Merritt, 61 N.C. 134; S. v. Nash, 86 N.C. 652; S. v. Knotts, supra.  Moreover, without regard to previous agreement or design, when two or more persons aid and abet each other in the commission of a crime or crimes, all being present, all are principals and equally guilty.  S. v. Gosnell, 208 N.C. 401, 181 S.E. 323; S. v. Ray, 212 N.C. 725, 194 S.E. 482; S. v. Kelly, 216 N.C. 627, 6 S.E.

2d 533; *S. v. Johnson,* 226 N.C. 671, 40 S.E. 2d 113; *S. v. Forshee,* 228 N.C. 268, 45 S.E. 2d 372.

The defendants likewise except and assign as error the failure of the trial court to charge the jury that it might bring in a verdict of simple assault against each defendant on each charge in the respective bills of indictment.

But when there is no evidence to sustain a verdict of guilty of a lesser degree of the offense charged, it is not error to fail to submit issues of lesser degrees. *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Muse,* 229 N.C. 536, 50 S.E. 2d 311. There is certainly no evidence that would justify a verdict of simple assault on Jack Vineyard or Billy Vanover. There is evidence to the effect that both were assaulted with a deadly weapon and both received serious injuries. On the other hand, these defendants were not entitled to have the jury instructed that it might return a verdict of simple assault against them under the bill of indictment charging an assault on Myrtle Jean Price. *S. v. Smith,* 174 N.C. 804, 93 S.E. 910. An assault on a female, committed by a man or boy over 18 years of age, is not a simple assault according to the usually accepted meaning of that charge. It is a misdemeanor punishable in the discretion of the court. *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706. The defendants were convicted of an assault with a deadly weapon, which is also a misdemeanor punishable in the discretion of the court. G.S. 14-33; *S. v. Smith, supra.* Therefore, if it be conceded that the evidence did warrant an instruction to the effect that the jury might return a verdict of guilty of an assault on a female in this particular case, prejudicial error has not been shown in view of the verdict rendered by the jury.

There are 70 assignments of error in this record, based on 99 exceptions. Obviously we have not attempted to discuss them *seriatim.* However, all of them have been carefully considered and in the trial below we find no prejudicial error.

No error.