STATE OF NORTH CAROLINA v. FOREST EDWARD TAYLOR
— AND —
STATE OF NORTH CAROLINA v. ROGER DALE CHAPMAN
— AND —
STATE OF NORTH CAROLINA v. CHARLES ABERNETHY
Nos. 7025SC210, 7025SC257 and 7025SC258

(Filed 6 May 1970)

**1. Criminal Law § 33—   evidence of motive — admissibility — use of stolen goods**

In a prosecution of two defendants for the felonies of breaking and entering a drugstore and of the larceny of goods therefrom, opinion testimony by an expert witness, a licensed pharmacist, that the insulin syringes stolen from the drugstore could be used to administer the narcotic drugs that were also stolen, *held* admissible to show the motive of defendants in committing the crime, especially where an alleged accomplice also testified that after defendants returned from the drugstore they began "taking stuff with a needle."

**2. Criminal Law § 117—   instructions on accomplice's testimony**

Instructions to scrutinize the testimony of an alleged accomplice are not required when no request therefore has been made.

On *certiorari* from *Beal, S.J.,* 17 March 1969 Session of Catawba Superior Court.

Each of the defendants was charged in separate bills of indictment, proper in form, with feloniously breaking and entering Newton Rexall Drug of Newton, North Carolina, and stealing property therefrom with a value of more than $200.00, the crimes having occurred on 25 June 1968. Each defendant through his court-appointed attorney pled not guilty. The jury returned, as to each defendant, a verdict of guilty of breaking and entering and larceny. Defendants Abernethy and Chapman received sentences of ten (10) years on each count to run consecutively. Defendant Taylor received ten (10) years for breaking and entering, seven (7) years for larceny. The transcript of the trial not having been completed in time for the defendants to perfect their appeals, petitions for certiorari were allowed by this Court.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn and Staff Attorney Russell G. Walker, Jr., for the State.*

*James M. Gaither, Jr., and J. Carroll Abernethy, Jr., for defendant appellant Taylor.*

*Jesse C. Sigmon, Jr., for defendant appellant Chapman.*

*William H. Chamblee for defendant appellant Abernethy.*

VAUGHN, J.

The defendants have filed separate records and briefs through their court-appointed counsel. Consolidation upon appeal was allowed upon motion by the State before oral arguments. The assignments of error and arguments in support thereof are the same for each defendant.

[1]  The defendants contend that the trial court committed error in admitting opinion evidence from Billy Smyre, a witness for the State, to the effect that the stolen insulin syringes could be used to administer narcotic drugs also allegedly stolen. Smyre testified that among the missing items were three insulin syringes, 126 tablets of codeine phosphate ATD half grain, 55 tablets of codeine HT one grain, 359 tablets of codeine sulfate one quarter grain, 223 tablets of codeine sulfate one-half grain, and 25 tablets of codeine sulfate one grain. The witness further testified that in 1963 he was licensed by the State of North Carolina as a pharmacist, having received a pharmaceutical degree from the University of North Carolina. The court found the witness to be an expert in the practice of pharmacy. The defendants objected to each question asked seeking the witness' opinion.

The defendants contend that the opinion testimony was irrelevant to the charges of breaking and entering and larceny and as such it merely aroused the passions and prejudices of the jury. We are unable to agree with this contention. It is our opinion that such evidence was relevant to show motive of the defendants for committing the crimes charged. The existence of a motive is a circumstance tending to make it more probable that the person accused committed the act; therefore, evidence of motive is always admissible where the doing of the act is in dispute. *State v. Church*, 231 N.C. 39, 55 S.E. 2d 792. "It is not only competent, but very often important, in strengthening the evidence for the prosecution." *State v. Lawrence*, 196 N.C. 562, 146 S.E. 395. Evidence tending to show that the property stolen could be used in concert for a single purpose is relevant in establishing a motive for the commission of the crime. Moreover, Alda Rudisill, an alleged accomplice to the crimes and a witness for the State, testified that after the defendants returned from the Rexall Drug Store, the defendants Abernethy and Taylor "were taking stuff with a needle," that both were using a syringe and injecting a liquid into their arms.

[2]  The defendants further assign as error the failure of the court to instruct the jury that the testimony of Alda Rudisill, the accomplice, should be scrutinized closely. In the absence of a request,

the court is not required to charge on the credibility of a witness. 3 Strong, N.C. Index 2d, Criminal Law, § 117, p. 24. Instructions to scrutinize the testimony of an alleged accomplice are not required when, as here, no request therefore has been made. *State v. Roux*, 266 N.C. 555, 146 S.E. 2d 654; *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165. This assignment of error is overruled.

The defendants received a fair and impartial trial. In the entire trial we find no error.

No error.

MORRIS and PARKER, JJ., concur.